

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00260-CR


RICHARD RILEY STARR, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR13-218


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Richard Riley Starr appeals from his conviction, on an open plea of guilty, to burglary of a habitation. Starr's appellate counsel filed a brief February 26, 2014, indicating that he reviewed the record, providing a detailed summary of the evidence elicited during the course of the proceedings below, briefly detailing the procedural history of the case, and stating that he found no meritorious issues to raise on appeal.

In so doing, counsel has provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. This meets the requirements of *Anders v. California*, 386 U.S. 738, 743–44 (1967), *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981), and *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

As also required by *Anders*, counsel filed a motion with this Court seeking to withdraw as counsel in this appeal. Counsel mailed a copy of this motion to Starr on February 24, 2014, along with a copy of the brief he filed and a cover letter informing Starr of his right to file a pro se response and offering to provide him a copy of the record. Starr has neither contacted this Court nor filed a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and find no genuinely arguable appellate issue. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). We, therefore, agree with counsel's assessment that no

arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).[1]

However, our review also shows that the judgment reads as follows: "Court Costs: $249.00 + ($400.00 atty fees)." The judgment orders that the State recover all costs incurred in the proceeding.

Starr requested that the trial court appoint an attorney to represent him and signed a document representing that he was indigent. The trial court appointed a trial attorney and thereafter appointed counsel for appeal. Court-appointed attorney's fees cannot be assessed against an indigent defendant unless there is proof and a finding that the defendant is no longer indigent. *Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013); *Mayer v State*, 309 S.W.3d 552, 555–56 (Tex. Crim. App. 2010). In this case, there is no such evidence or finding. The judgment awarding attorney's fees is infirm, and the trial court erred by assessing attorney's fees against Starr. The proper remedy is not to reverse the conviction in such a case, but rather to modify the judgment and remove the inappropriate fee assessment. *Cates*, 402 S.W.3d at 252; *Martin v. State*, 405 S.W.3d 944, 948 (Tex. App.—Texarkana 2013, no pet.). Intermediate appellate courts have corrected trial court orders of erroneous attorney's fee assessments without the necessity of additional briefing in *Anders* cases. *See, e.g.*, *Martinez v. State*, No. 13-12-

---

[1]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

00161-CR, 2013 Tex. App. LEXIS 3867, at *7 (Tex. App.—Corpus Christi Mar. 28, 2013, pet. ref'd) (mem. op., not designated for publication); *Hopkins v. State*, No. 07-11-00045-CR, 2012 WL 3104821, at *3 (Tex. App.—Amarillo July 27, 2012, no pet.) (mem. op., not designated for publication).

We modify the judgment of the trial court by deleting the assessment of attorney's fees against Starr. As modified, we affirm the trial court's judgment.


Jack Carter
Justice

Date Submitted:     April 29, 2014
Date Decided:       May 21, 2014

Do Not Publish

4