

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00155-CR

_____

BILLY WAYNE MARCY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Red River County, Texas
Trial Court No. CR01988

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Billy Wayne Marcy was convicted by a jury of evading arrest or detention with a previous conviction. He was sentenced to two years' confinement in state jail and, although indigent, was ordered to pay $2,475.00 in attorney fees for his court-appointed counsel. On appeal, Marcy challenges only the trial court's assessment of attorney fees against him. The State concedes error, and we agree; consequently, we will modify the trial court's judgment by deleting the assessment of attorney fees against Marcy. In all other respects, we affirm the trial court's judgment.

A claim of insufficient evidence to support the assessment of court costs and court-appointed attorney fees is reviewable on direct appeal. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if "the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014). "'[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees'" for legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer*, 309 S.W.3d at 556).

The State concedes that Marcy is indigent and that the record is devoid of any determination or finding by the trial court that he had financial resources or was otherwise able to pay the appointed attorney fees. *See Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App.

2

2013).  Thus, the assessment of attorney fees was erroneous and should be removed.  *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see Mayer*, 309 S.W.3d 552; *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.).  Accordingly, we modify the trial court's judgment by deleting the attorney fees assessment from the judgment.

We affirm the trial court's judgment, as modified.


Ralph K. Burgess
Justice

Date Submitted:          January 20, 2015
Date Decided:            January 27, 2015

Do Not Publish

3