

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00237-CR

MARSHALL DESHUN PARKER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 13-0334X

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

After Marshall Deshun Parker pled guilty to the offense of credit or debit card abuse, Parker's eighteen-month sentence was suspended, and he was placed on community supervision for a period of five years. Parker's community supervision was thereafter revoked, and he was sentenced to eighteen months' incarceration and ordered to pay $650.00 in attorney fees. Parker appeals the judgment revoking his community supervision.

Parker's appellate counsel filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the course of the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On March 24, 2015, counsel mailed to Parker a copy of the brief, the appellate record, and the motion to withdraw. By letter, counsel informed Parker of his right to review the record and file a pro se response. Parker's pro se response, if any, was due on or before April 25, 2015. Parker has not filed a pro se response and has not requested an extension of time in which to file such a response.

Notwithstanding the filing of an *Anders* brief, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non reversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). We note that the trial court's judgment revoking community supervision ordered Parker to pay $650.00 in attorney fees for court-appointed counsel. The record establishes that Parker is indigent. Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order an indigent defendant to reimburse court-appointed attorney fees only if "the court determines that [the] defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014). "'[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees'" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

Here, the record is devoid of any determination or finding by the trial court that Parker had financial resources or was otherwise able to pay the attorney fees. Thus, the assessment of attorney fees was erroneous and should be removed from the judgment. *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see Mayer*, 309 S.W.3d 552; *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.).

We further note that the trial court's judgment revoking community supervision indicates that Parker pled "true" to the allegations in the State's motion to revoke community supervision.

3

However, at the revocation hearing, Parker pled "not true" to each of the three conditions of community supervision Parker was alleged to have violated. The plea of "true" reflected in the judgment of revocation should therefore be removed and replaced with a plea of "not true" in order to accurately reflect the proceedings in the trial court.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. Accordingly, we modify the trial court's judgment by (1) deleting the attorney fees incurred by appointed counsel in the amount of $650.00 from the judgment, and (2) deleting the plea of "true" to the allegations in the motion to revoke and inserting a plea of "not true" to those allegations.

We affirm the trial court's judgment, as modified.[1]

> Ralph K. Burgess
> Justice

Date Submitted:      May 27, 2015
Date Decided:        June 4, 2015

Do Not Publish

---

[1]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.