ACCEPTED
06-15-00032-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
6/25/2015 9:06:52 PM
DEBBIE AUTREY
CLERK

06-15-00032-CR

## No. 06-14-00032-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
6/26/2015 9:22:00 AM
DEBBIE AUTREY
Clerk

# IN THE COURT OF APPEALS
# SIXTH DISTRICT OF TEXAS
# AT TEXARKANA

## DEVON RAY DAVIS
## APPELLANT

### v.

## THE STATE OF TEXAS,
## APPELLEE

**On Appeal from the 196th Judicial District Court
Of Hunt County, Texas
Trial Court Cause 22,886
Hon. Joe M. Leonard, Judge Presiding**

## APPELLANT'S BRIEF

Katherine A. Ferguson (SBN 06918050)
Renshaw, Davis & Ferguson, L.L.P.
2900 Lee Street, Suite 102
P.O. Box 21
Greenville, Texas  75403-0021
Telephone:  (903) 454-6050
Facsimile:  (903) 454-4898
Email:  rdflawoffice@yahoo.com

## ORAL ARGUMENT NOT REQUESTED

# IDENTITIES OF PARTIES AND COUNSEL

| | |
|---|---|
| Appellant: | Devon Ray Davis |
| Defense Counsel at Trial: | Jeffrey Jackson<br>1400 Preston Road, Suite 400<br>Plano, Texas 75093 |
| Appellant's Attorney on Appeal: | Katherine A. Ferguson<br>Renshaw, Davis & Ferguson, L.L.P.<br>2900 Lee Street, Suite 102<br>P.O. Box 21<br>Greenville, Texas  75403-0021 |
| Appellee's Attorney at Trial: | Calvin Grogan<br>Assistant District Attorney<br>Hunt Co. District Attorney<br>P.O. Box 441<br>Greenville, Texas 75403-0441 |
| Appellee's Attorney on Appeal: | Calvin Grogan<br>Assistant District Attorney<br>Hunt Co. District Attorney<br>P.O. Box 441<br>Greenville, Texas 75403-0441 |
| Trial Judge: | Hon. Joe M. Leonard<br>196th Judicial District Court<br>P.O. Box 1097<br>Greenville, Texas 75403-1097 |

# TABLE OF CONTENTS

Identities of Parties and Counsel …………………………….…..…….ii

Table of Contents………………………………………….……………iii

Index of Authorities………………………………….....................iv

Statement of the Case……………………………….....................2

Issues Presented …………………………………………… 3

Statement of Facts  …………………………………………….…3

Summary of the Argument …………………………………… 7

Argument and Authorities …….……………………….....................8

ISSUE NUMBER ONE ………………………………………….8

> THE TRIAL COURT ERRED IN ENTERING THE JUDGMENT BECAUSE IT VARIES FROM THE ORAL PRONOUNCEMENT OF SENTENCE.

ISSUE NUMBER TWO:

> THE TRIAL COURT ERRED IN ASSESSING ATTORNEY'S FEES AND UA FEES BECAUSE THE RECORD DOES NOT ESTABLISH APPELLANT HAD THE ABILITY TO PAY

PRAYER………………………….....................10

CERTIFICATE OF SERVICE…..……………………………...11

CERTIFICATE OF COMPLIANCE  …………………………11

# INDEX OF AUTHORITIES

**Cases**

*Armstrong v. State,* 340 S.W.3d 759 (Tex. Crim. App. 2011) …………..10

*Cates v. State,* 402 S.W.3d 250 (Tex. Crim. App. 2013) …………… …10

*Coffey v. State,* 979 S.W.2d 326 (Tex. Crim. App. 1998) ………… …….8

*Ex Parte Madding,* 70 S.W.3d 131 (Tex. Crim. App 2002) ……………...8

*Martin v. State,* 405 S.W.944 (Tex. App. – Texarkana 2013, no pet.) ...10

*Mayer v. State,* 309 S.W.3d 552 (Tex. Crim. App. 2010) ……………..10


**Statutes and Rules**

TEX. CODE CRIM. PROC. art 26.05(g) …………………………………9

No. 06-14-00032CR

---

**IN THE COURT OF APPEALS
SIXTH DISTRICT OF TEXAS
AT TEXARKANA**

---

**DEVON RAY DAVIS
APPELLANT**

**v.**

**THE STATE OF TEXAS,
APPELLEE**

**On Appeal from the 196th Judicial District Court
Of Hunt County, Texas
Trial Court Cause 22,886
Hon. Joe M. Leonard, Judge Presiding**

---

**APPELLANT'S BRIEF**

---

TO THE HONORABLE COURT OF APPEALS:

NOW COMES Appellant, DEVON RAY DAVIS, and respectfully submits this brief in support of his appeal of the judgment of the 196th Judicial District Court of Hunt County, Texas, the Honorable Joe M. Leonard, presiding.

## STATEMENT OF THE CASE

The Appellant, DEVON RAY DAVIS, was charged with the offense of robbery.  (CR 10).    The indictment also included three enhancement paragraphs, which increased the range of punishment for the offense to a minimum of twenty-five (25) years up to ninety-nine (99) years or life in prison.  (CR 11-12).  Appellant entered into a plea agreement wherein Appellant was placed on ten (10) years deferred probation, a $500.00 fine, with SAFP and violence terms, as well as court costs.  (CR 18)  Appellant was placed on probation on October 10, 2005.  (CR 23-32).  On July 7, 2009 Appellant's probation was amended.  (CR 39)  On May 5, 2010, a Motion to Revoke Deferred Adjudication Community Supervision and Request for Final Adjudication ("Motion to Revoke") was filed.  (CR 42)   The Motion to Revoke was again filed on August 12, 2013.  (CR 64)   Appellant's conditions of probation were further amended on November 6, 2013 and the Motion to Revoke was dismissed without prejudice.  (CR 81-82)  The Hunt County Probation Department requested a violation review hearing on September 23, 2014 (CR 87).  On October 30, 2014 the Second Motion to Revoke Deferred Adjudication Community Supervision and Request for Final Adjudication was filed (CR 94).   Thereafter, an Amended Second Motion to Revoke Deferred Adjudication Community Supervision and

Request for Final Adjudication ("Amended Second Motion to Revoke") was filed on November 20, 2014. (CR 120) A hearing was held on the Amended Second Motion to Revoke on December 16, 2014. (RR Vol. 1) After hearing testimony, the Trial Court then revoked DEVON RAY DAVIS' probation and sentenced him to sixty (60) years in the Texas Department of Corrections, Institutional Division. The written judgement imposed $1,970.00 in attorney's fees, an additional $367.00 in attorney's fees, and $122 UA fee. (CR 122) Appellant filed a pro se notice of appeal on January 14, 2015. (CR 132) This appeal is taken therefrom.

## ISSUES PRESENTED

ISSUE NUMBER ONE: THE TRIAL COURT ERRED IN ENTERING THE JUDGMENT BECAUSE IT VARIES FROM THE ORAL PRONOUNCEMENT OF SENTENCE.

ISSUE NUMBER TWO: THE TRIAL COURT ERRED IN ASSESSING ATTORNEY'S FEES AND UA FEES BECAUSE THE RECORD DOES NOT ESTABLISH APPELLANT HAD THE ABILITY TO PAY

## STATEMENT OF FACTS

Devon Ray Davis (hereinafter, "Appellant") was indicted for the offense of robbery. (CR 1)[1] He plead guilty to that offense (CR 19) as well as pleading true to the enhancement paragraphs in the indictment. (CR 23)

---

[1] References to the Clerk's Record are designated as "CR #", references to the Reporter's Record are designated RR Vol. ___, page #: line #, and State and Defendant's exhibits are designated SX and DX, respectively)

Appellant was admonished about the range of punishment as well as the consequences of his plea. (CR 19, 20) Appellant was placed on ten (10) years deferred probation, subject to violence terms and the requirement to attend and successfully complete the SAFP program. (CR 23) Appellant was required to remain in the Hunt County Jail until such time as he could be transferred to a SAFP facility (CR 29) Appellant was also currently on parole for an offense at the time he was placed on probation and his parole was revoked and he was sent to prison prior to being able to start his probation. (RR Vol. 1, page 43, lines 13-22) Appellant's probation was amended twice, once in July of 2009 to permit Appellant to reside outside of Hunt County (CR 39) and in November of 2013 (CR 82). The docket sheet for the 196th Judicial District Court shows that Appellant was present and represented by counsel at both hearings that resulted in amending the terms of his probation (CR 7)

In September of 2014, the probation department requested a violation review hearing (CR 87) and on October 30, 2014 filed a Motion to Revoke. (CR 94) An Amended Second Motion to Revoke was filed on November 20, 2014, which alleged ten (10) paragraphs of violations (CR 120) On December 16, 2014, the Trial Court conducted a hearing on the Amended Second Motion to Revoke. The State called Derrick Bercher ("Bercher") as

its first witness. Bercher is an employee with the Hunt County Community Supervision and Corrections Department ("HCCSCD") who was charged with collecting urine samples from Appellant for the purposes of drug screens. (RR Vol. 1, p. 8:16-19). Bercher collected a sample from Appellant on August 14, 2014 (RR Vol. 1, p. 10:3-9) and on September 4, 2014 (RR Vol. 1, p. 8:18-19) Bercher testified that he sealed each package for transmittal to the drug testing facility. (RR Vol 1, p. 13:7- p. 14:8) The State next called Steve Harris, lab director and senior analyst at One Source Technology ("Harris"). (RR Vol. 1, p. 16:7-13). Harris testified that he received the urine samples of Appellant sent in by the HCCSCD and tested them for the presence of illegal drugs. (RR Vol. 1, p. 16:21-23; 17:14-24; 21:10-18) Harris testified that he prepared reports with the results of his testing that showed Appellant had tested positive for methamphetamines on both tests (RR Vol. 1, p.20:1; 22:10-12) (SX 1 &2).

Candice Mead, an officer with HCCSCD, ("Mead") testified. (RR Vol. 1, p. 31:6-7). Mead was the supervising probation officer for Appellant. RR (Vol. 1, p. 31:10-13) Mead testified that a condition of Appellant's probation was that he not use any illegal drugs. (RR Vol. 1, p. 32:11-15) Mead also testified that the Appellant was delinquent on paying the fees for probation (RR Vol. 1, p. 32:16-33:20), that Appellant had not

completed all of his community service hours as required (RR Vol. 1, p. 35:14-36:12; 40:13-16) and that Appellant failed to report as required (RR Vol. 1, p. 36:12-37:20).  Mead acknowledged that she did know Appellant had held a job and had made some payments (RR Vol. 1, 49:7), but that Appellant had indicated to her that at times he could not afford to pay the probation fines and fees and the HCCSCD had not established a formal budget to show Appellant's income and expenses.  (RR Vol. 1, p. 38:8-11; 42:15-43:7)

Detective Warren Mitchell, an investigator with the Greenville Police Department, ("Mitchell") testified.  (RR Vol. 1, p. 55:1)  Mitchell testified that based on his training and experience, Alprazolam and Trazadone are dangerous drugs.  (RR Vol. 1, p. 55:22-56:12)  Officer Greg Hughes ("Hughes") testified that he had encountered Appellant on October 21, 2014, (RR Vol. 1, 60:3-21) Hughes testified that in the course of speaking with Appellant, he observed a cellophane wrapper in Appellant's pocket and that in his training and experience, such wrappers usually contained narcotics. (RR Vol. 1, p. 61:13-62:8)  Hughes testified he removed the wrapper, looked in it and it contained eight pills and a packet of synthetic marijuana.  (RR Vol. 1, p. 63:8-10)  Hughes also testified that the location where he encountered the Appellant was a drug free zone.  (RR Vol. 1, p. 70:3-5)

After Hughes' testimony, the State rested. (RR Vol. 1, p. 71:14-15). The State abandoned paragraphs two and three in the Amended Second Motion to Revoke. (RR Vol. 1, p. 71:14-15) The Appellant neither testified nor called any witnesses. (RR Vol. 1, p. 71:18). The Trial Court found paragraphs 1 and 9 of the Amended Second Motion to Revoke were not true and found paragraphs 4, 5, 6, 7, 8 and 10 were true. (RR Vol. 1, p. 71:25-72:2). The State recalled Mead to testify regarding the Appellant's prior criminal history. (RR Vol. 1, p. 72:10-25)

The State also called Amber Richardson, another officer with the HCCSCD. (RR Vol. 1, p. 77:2-8). After calling Richardson, the State rested and the Appellant rested without testifying or calling any witnesses. (RR Vol. 1, p. 79:10-11) The Trial Court considered the circumstances of the original offense, and assessed a punishment of sixty (60) years imprisonment in the Texas Department of Corrections, Institutional Division. (RR Vol. 1, p. 82:15-24) A written judgment was signed that imposed the sixty (60) year sentence, but also imposed $1,970.00 plus $367.00 attorney's fees and $122.00 UA fees. (CR 122)

## SUMMARY OF THE ARGUMENT

The Trial Court erred when it entered the written judgment because it varied from the oral pronouncement of sentence in that it added attorney's

fees and UA costs to the judgment. The Trial Court also erred in adding attorney's fees and UA costs because the record for the case is devoid of any evidence of Appellant's ability to pay. Therefore, this Court should reform the judgment of the Trial Court to delete the attorney's fees and UA costs.

**ARGUMENT**

ISSUE NUMBER ONE: THE TRIAL COURT ERRED IN ENTERING THE JUDGMENT BECAUSE IT VARIES FROM THE ORAL PRONOUNCEMENT OF SENTENCE.

"A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement." *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). If the oral pronouncement of sentence and the written judgments vary, the oral pronouncement controls. *Coffey v. State,* 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). Here, the Trial Court's oral pronouncement of sentence was:

> "Therefore I find that to be a violent crime which
> deserves sixty years imprisonment. So the judgment will
> be for sixty years to do." (RR Vol. 1, p. 82:22-24)

It was clear when the Trial Court orally pronounced sentence that the Trial Court was imposing only a term of imprisonment and not additional attorney's fees or costs. Therefore, the written judgment varies from the Trial Court's oral pronouncement. *See Coffey*, 979 S.W.2d at 328. (The

orally pronounced sentence is the appealable event and any deviation from the orally pronounced sentence does not supersede what was imposed in open court). This court should, upon reviewing the oral pronouncement of sentence by the Trial Court, reform the written judgment to make it consistent with the Trial Court's oral pronouncement.

ISSUE NUMBER TWO: THE TRIAL COURT ERRED IN ASSESSING ATTORNEY'S FEES AND UA FEES BECAUSE THE RECORD DOES NOT ESTABLISH APPELLANT HAD THE ABILITY TO PAY

Assuming arguendo that this Court finds that the addition of attorney's fees and costs to the written judgment when not pronounced orally by the Trial Court isn't an improper variance, the Trial Court still erred in assessing attorney's fees against Appellant. Pursuant to. Art. 26.05(g) of the Texas Code of Criminal Procedure, a trial court may order an indigent defendant to pay court appointed attorney fees only when the "court determines that [the] defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West 2015)

A defendant's "financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of

ordering reimbursement of costs" of attorney services. *See Armstrong v. State*, 340 S.W. 3d 759, 765-66 (Tex. Crim. App. 2011) *quoting Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)

Appellant was found to be indigent not only at the time of the original plea in 2005 (CR 15), but again when the revocation procedures were initiated (CR 56 & 118) There is nothing in the record to show any determination by the Trial Court that Appellant's indigent status had changed and that he was able to pay his appointed attorney's fees. Because the record shows no support for or finding of Appellant's ability to pay his attorney's fees and UA fees, the assessment was in error and should be stricken from the written judgment. *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see also Mayer*, 309 S.W.3d at 556; *Martin v. State*, 405 S.W.3d 944, 946-47 (Tex. App. – Texarkana 2013, no pet). This Court should reform the written judgment by deleting the assessment of attorney's fees and UA fees.

## PRAYER

**WHEREFORE,** based upon the foregoing, Appellant prays the judgment be reformed to match the sentence as orally pronounced and that the assessment of attorney's fees and UA fees be deleted.

Respectfully submitted,

RENSHAW, DAVIS & FERGUSON, L.L.P.

By:  /s/ Katherine A. Ferguson
Katherine A. Ferguson (SBN 06918050)

2900 Lee Street, Suite 102
P.O. Box 21
Greenville, Texas 75403-0021
Telephone:  (903) 454-6050
Facsimile:  (903) 454-4898
Email:      rdflawoffice@yahoo.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Appellant's Brief was sent by first class United States Mail, postage prepaid, to the Honorable Noble Walker, Hunt County District Attorney, P.O. Box 441, Greenville, Texas 75403-0441 on this the 25th day of June 2015.

I further certify that a true and correct copy of Appellant's Brief was sent by first class United States mail, postage prepaid and certified mail, return receipt requested, to DEVON RAY DAVIS #01975561 c/o James V. Allred Unit, 2101 FM 369 North, Iowa Park, Texas 76367

/s/ Katherine A. Ferguson
Katherine A. Ferguson

## CERTIFICATE OF COMPLIANCE WITH RULE 9.4

Pursuant to Texas Rule of Appellate Procedure 9.4, this certifies that this document complies with the type volume limitations because it is computer generated and does not exceed 15,000 words.  Using the word count feature of Microsoft Word, the undersigned certifies that this document contains 1,601 words in the entire document, except in the following sections:  caption, identities of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of

the case, statement of issues presented, signature, certificate of service and certificate of compliance. This document also complies with the typeface requirements as it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

/s/ Katherine A. Ferguson
Katherine A. Ferguson