

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00081-CR

BRIAN ANTHONY PRECIADO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 11-0045X

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

On March 9, 2011, pursuant to a plea agreement, Brian Anthony Preciado pled guilty to the offense of aggravated assault with a deadly weapon. The trial court deferred a finding of guilt and placed Preciado on community supervision for a period of five years. The trial court ordered Preciado to pay a $2,000.00 fine, court costs, and restitution to the victim for medical expenses.

On November 6, 2015, the State filed a motion to proceed with an adjudication of guilt and sentencing. On April 14, 2016, the State amended its motion alleging that Preciado committed family violence assault on June 14, 2014, failed to appear in court on August 31, 2015, and failed to pay his assessed fines and costs. At the hearing on the State's amended motion, Preciado pled not true to the allegations of assault and failure to appear, but admitted he had failed to pay the assessed fines and court costs. After hearing the evidence, the trial court found the State's allegations to be true, adjudicated Preciado guilty of the offense of assault with a deadly weapon, and sentenced him to eight years' imprisonment. The trial court also ordered Preciado to pay court costs and attorney fees. On May 9, 2016, the trial court entered a nunc pro tunc judgment to reflect a deadly-weapon finding, albeit not a firearm.

In his sole point of error on appeal, Preciado contends the trial court erred in assessing attorney fees against him.[1] Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order an indigent defendant to reimburse the fees of his court-appointed attorney only if the court "determines that [the] defendant has financial resources that enable [him] to offset in part or in whole the costs of the legal services provided . . . including any

---

[1]The State concedes the trial court erred in assessing the fees of his court-appointed attorney against Preciado.

expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2015). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)). Here, we find nothing in the record showing the trial court made a finding that Preciado had the ability to pay attorney fees and, thus, the assessment of attorney fees was erroneous. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see also Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.).

Appellate courts "have the authority to reform judgments and affirm as modified in cases where there is no reversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments). Accordingly, we modify the trial court's nunc pro tunc judgment by deleting the assessment of attorney fees from the judgment.

We affirm the judgment, as modified.


Bailey C. Moseley
Justice


Date Submitted:     July 22, 2016
Date Decided:      July 25, 2016

Do Not Publish

3