

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00111-CR
_____

JOSHUA LEE CARR, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Red River County, Texas
Trial Court No. CR02419

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Joshua Lee Carr pled guilty to and was convicted of burglary of a habitation, a second degree felony offense. During a bench trial on punishment, Carr pled true to the State's single enhancement allegation. The trial court sentenced Carr to forty-five years' imprisonment and ordered him to pay $1,756.00 in court costs, which included $1,350.00 in attorney fees for his court-appointed counsel.[1]

On appeal, Carr argues that the trial court's judgment must be modified because (1) it incorrectly listed the degree of the offense as a first degree felony, (2) the trial court erred in assessing attorney fees against him, and (3) it incorrectly indicated that he pled true to two enhancement allegations.

The State concedes the first two points of error, and we, likewise, find that modification of the trial court's judgment is required on these two points. "The Texas Rules of Appellate Procedure give this Court authority to modify judgments to make the record speak the truth when the matter has been called to our attention by any source." *Juarez v. State*, 461 S.W.3d 283, 300–01 (Tex. App.—Texarkana 2015, no pet.); *see* TEX. R. APP. P 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.).

First, Carr was convicted of burglary of a habitation, a second degree felony. *See* TEX. PENAL CODE ANN. § 30.02(c)(2) (West 2011). Although the enhancement allegation increased the punishment range, making the offense punishable as a first degree offense, the degree of the

---

[1]The trial court also ordered Carr to pay $725.00 in restitution.

offense remained the same. *See* TEX. PENAL CODE ANN. § 12.42(b) (West Supp. 2016). While the trial court's judgment correctly describes the offense for which Carr was convicted, the judgment incorrectly lists burglary of a habitation as a first degree felony. Accordingly, we modify the trial court's judgment to reflect that a second degree felony is the correct degree of offense.

Next, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if the court "determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided to the defendant." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2016). Carr's financial resources and ability to pay are key to the trial court's determination of whether to order reimbursement of legal fees. *See Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011). Here, Carr was declared indigent by the trial court, and there is no finding indicating that he is able to pay attorney fees for his court-appointed counsel. Thus, as the State concedes, assessing $1,350.00 in attorney fees against Carr was erroneous. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see also Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.). We further modify the trial court's judgment by deleting the $1,350.00 assessment of attorney fees.

Last, Carr argues that the trial court's judgment indicated that he pled true to more than one enhancement allegation. However, our review of the judgment leads us to conclude that this last point is meritless. The judgment reflects a plea of true to only one enhancement and specifically indicates that the State did not have a second enhancement allegation.

We modify the trial court's judgment to reflect that burglary of a habitation is a second degree offense and by deleting the $1,350.00 assessment of attorney fees against Carr. As modified, we affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:    October 26, 2016
Date Decided:     October 27, 2016

Do Not Publish

4