

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-12-00187-CR

SHAROL MARTIN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 24807

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

# OPINION

In this case, in which Sharol Martin was prosecuted on a charge of conspiracy to manufacture between four and 200 grams of methamphetamine, she was declared indigent, and an attorney and an investigator[1] were appointed to assist in her defense. In Martin's judgment of conviction, the trial court assessed against Martin both her attorney's fees and the investigator's fees; and it was recited that she was convicted under Section 481.112 of the Texas Health and Safety Code and Section 12.42 of Texas Penal Code and that the offense was a "first-degree felony, enhanced to repeat offender." Because (1) court-appointed attorney's fees and investigator's fees should not have been assessed against Martin without proof of ability to pay, and (2) the correct offense should be described in the judgment as a second-degree felony enhanced to a first-degree punishment based on Section 15.02 of the Texas Penal Code, we modify the judgment and affirm it as modified.

*(1)*     *Court-Appointed Attorney's Fees and Investigator's Fees Should Not Have Been Assessed Against Martin Without Proof of Ability to Pay*

Martin pled guilty without a plea agreement and agreed to let the court determine punishment. The trial court accepted her plea of guilty and assessed her punishment at twenty-five years' imprisonment. The trial court also assessed her $2,076.70 in total court costs, which consisted of $1,325.20 for the court-appointed attorney's fees, $437.50 for the court-appointed investigator's fees, and $314.00 for other costs of court.

---

[1]On Martin's motion, the trial court appointed an investigator and authorized funds for payment of the investigator up to $500.00.

On appeal, Martin contends that, because she was indigent, the trial court erred by charging her the court-appointed attorney's fees and investigator's fees. The State concedes Martin's point as to the attorney's fees, but not as to the investigator's fees.

The Due Process Clause of the United States Constitution prohibits a state from denying, solely because of inability to pay, access to its courts. *See Boddie v. Connecticut*, 401 U.S. 371, 374 (1971); *Griffin v. Illinois*, 351 U.S. 12, 18 (1956). To that end, the United States Supreme Court has held that an indigent defendant may not be charged for the assistance of appointed counsel at trial, *Gideon v. Wainwright*, 372 U.S. 335 (1963), for counsel on the first direct appeal as of right, *Douglas v. California*, 372 U.S. 353 (1963), or for a trial transcript or for filing a notice of appeal. *Griffin*, 351 U.S. 12; *Burns v. Ohio*, 360 U.S. 252 (1959); s*ee also Aldrich v. State*, 296 S.W.3d 225, 246 (Tex. App.—Fort Worth 2009, pet. ref'd) (court held when a formerly solvent defendant became indigent during trial, attorney had a duty to "request investigatory and expert witness fees from the trial court . . ."). When necessary, the State must appoint an expert to aid an indigent defendant; though the State need not "purchase for the indigent defendant all the assistance that his wealthier counterparts might buy," it must provide "the basic tools" to present the defense. *Ake v. Oklahoma*, 470 U.S. 68 (1985) *cited in and applied by Ex parte Briggs*, 187 S.W.3d 458 (Tex. Crim. App. 2005).

This does not mean, though, that some court costs cannot be recovered. The Constitution prohibits only the requirement for prepayment or payment in advance that effectively denies appellate review.[2] *Griffin*, 351 U.S. at 18.

A trial court has authority to order a defendant to pay the attorney's fees of appointed counsel if it determines that the defendant has the resources "to offset in part or in whole the costs of legal services provided . . . ." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012). Once a defendant is found to be indigent, he or she is presumed to continue in that status, for the purpose of assessing attorney's fees, unless there is evidence of a material change in his or her financial circumstances. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012); *see Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Roberts v. State*, 327 S.W.3d 880, 884 (Tex. App.—Beaumont 2010, no pet.); cf. *McFatridge v. State*, 309 S.W.3d 1, 6 (Tex. Crim. App. 2010) (explaining two-step process for indigency determinations for purposes of free appellate record and appointment of appellate counsel).

A defendant's ability to pay is not relevant with respect to legislatively mandated court costs. *See Owen v. State*, 352 S.W.3d 542, 546 (Tex. App.—Amarillo 2011, no pet.); *Williams v. State*, 332 S.W.3d 694, 700 (Tex. App.—Amarillo 2011, pet. denied). We have recently agreed with the Amarillo court and have held that a trial court can order an indigent defendant to pay legislatively mandated court costs provided payment is not demanded before the trial court

---

[2]The United States Supreme Court has observed that attempting to recover fees from indigents may not be cost-effective but reasoned, "[M]isguided laws may nonetheless be constitutional." *James v. Strange*, 407 U.S. 128, 133 (1972) (concluding Kansas statute permitting recovery of attorney's fees was violation of equal protection and noting that, in 1971, Kansas spent $400,000.00 to collect $17,000.00 in fees).

proceedings have concluded. *Allen v. State*, No. 06-12-00166-CR, 2013 WL 1316965, at **3–4 (Tex. App.—Texarkana Apr. 3, 2013, no pet.).

Here, Martin was found indigent. Because the record does not thereafter demonstrate that the trial court found a material change in Martin's financial circumstances, attorney's fees may not be assessed against her. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g). The State concedes error as to the attorney's fees assessed, stating that "this Court should sustain Martins' first issue on appeal and delete the award of $1,325.20 in court-appointed attorney's fees only." However, the State contends that the costs of the court-appointed investigator were court costs that were properly assessed against Martin because a trial court can order an indigent defendant to pay court costs.

We must determine whether the costs of the court-appointed investigator are an expense of legal services or whether they are legislatively mandated court costs.

If the trial court determines that a defendant has the financial means, it should order him or her to "offset in part or in whole the costs of the legal services provided, including any expenses and costs. . . ." The statutory language, thus, contemplates some costs and expenses being included in the "cost of legal services provided" by court-appointed counsel. *See id.* While the Legislature may have contemplated that these add-on costs are expenses advanced by the appointed attorney, it is nowhere limited to just those advanced expenses and costs. Legislatively mandated fees and costs[3] may be withdrawn from an inmate's account without

---

[3]*See, e.g.*, TEX. ALCO. BEV. CODE ANN. § 106.12 (West 2007); TEX. BUS. & COM. CODE ANN. § 3.506 (West Supp. 2010); TEX. BUS. ORGS. CODE ANN. § 10.365 (West Supp. 2010); TEX. CODE CRIM. PROC. ANN. arts. 17.42, 17.43, 17.441, 37.073, 42.037, 42.12, 42.22, 45.0216, 45.026, 45.041, 45.051, 45.055, 45.0511(c–1), 45.0511(f)(1–2), 45.052, 45.203, 62.353, 102.001–102.072 (West 2006 & Supp. 2010); TEX. EDUC.CODE ANN. § 37.011 (West Supp.

regard to his ability to pay, unless otherwise prohibited by statute, and do not need to be included in the oral pronouncement of sentence or in the written judgment in order to be imposed on a convicted defendant. *See Armstrong v. State*, 340 S.W.3d 759, 766–67 (Tex. Crim. App. 2011); *Owen*, 352 S.W.3d 542. There are numerous trial fees and costs specifically designated for criminal defendants to pay, including but not limited to those listed Articles 102.001 through 102.072 of the Texas Code of Criminal Procedure. The State, however, cites no authority characterizing the cost of a court-appointed investigator as a legislatively mandated court cost, and we are aware of none.[4] *See Owen*, 352 S.W.3d at 548 (court disallowed certain fees assessed against indigent defendant because State did not cite "any statute authorizing assessment of those fees" and court was unaware of any such basis).

We conclude that the cost of the court-appointed investigator is a cost of provision of appellant's Constitutionally mandated defense. Like the fees of a court-appointed expert or attorney, an appointed investigator is "a basic tool" an indigent defendant can use to present a defense. Therefore, in the absence of a legislative mandate, an investigator's cost may not be

---

2010); TEX. FAM. CODE ANN. §§ 8.262, 8.267, 8.302, 8.303, 45.106, 53.03, 54.032, 54.0411, 54.0461, 54.0462, 54.061, 81.003, 108.006, 110.002, 110.004, 110.005, 158.319, 158.403, 158.503, 160.762, 232.013 (West 2006, 2008 & Supp. 2010); TEX. GOV'T CODE ANN. §§ 25.0593, 25.0594, 25.1572, 25.2223, 30.00014, 30.00147, 41.258, 51.601, 51.702–51,703, 54.313, 54.403, 54.745, 54.663, 54.913, 54.983, 54.954, 54.1116, 76.015, 82.0361, 102.001–103.033, 411.081 (West 2005 & Supp. 2010); TEX. HEALTH & SAFETY CODE ANN. §§ 161.255, 469.004, 821.023 (West 2010); TEX. HUM. RES. CODE ANN. § 152.0522 (West 2001); TEX. LOCAL GOV'T CODE ANN. §§ 118.131, 132.002, 132.003, 133.101–133.154, 191.007 (West 2008 & Supp. 2010); TEX. PARKS & WILD. CODE ANN. §§ 12.110, 12.308 (West Supp. 2010); TEX. TRANSP. CODE ANN. §§ 284.2031, 521.026, 521.048, 542.403, 542.407, 545.412, 548.605, 601.263, 706.006 (West 1999, 2007 & Supp. 2010) (not intended as an exhaustive list).

[4]The State argues that our opinion in *Allen* is controlling. In *Allen*, we held that a trial court can assess court costs against an indigent defendant as long as demand for payment was not made until after the trial court proceedings have concluded. *Allen*, 2013 WL 1316965, at **3–4. However, the characterization of court-appointed investigator costs was not raised in *Allen*, therefore, our opinion in *Allen* is not determinative on this issue.

6

assessed against a defendant unless the trial court finds that the defendant has sufficient financial resources.[5]  Because there is insufficient evidence that Martin had financial resources to offset the costs associated with her court-appointed legal investigator, we sustain Martin's first point of error and modify the trial court's judgment to reflect an assessment of $314.00 as costs.

*(2)*    *The Correct Offense Should be Described in the Judgment as a Second-Degree Felony Enhanced to a First-Degree Punishment Based on Section 15.02 of the Texas Penal Code*

The judgment reflects a conviction for conspiracy to manufacture a controlled substance, more than four grams but less than 200 grams, repeat offender.  The judgment also, however, lists the offense as a "first degree felony enhanced to repeat offender" and identifies the statute of the offense as Section 481.112 of the Texas Health and Safety Code, the offense of manufacturing, delivering, or possessing a controlled substance in Penalty Group 1.  In her second point of error, Martin argues that the judgment should be modified to reflect a conviction of a second-degree felony enhanced to a first-degree punishment range.[6]

The indictment alleged that Martin conspired to manufacture more than four but less than 200 grams of methamphetamine, not that she manufactured it.[7]  The judgment, however, lists the

---

[5]Several courts of appeal have made similar rulings, and, although these opinions were not designated for publication and are therefore of no precedential value, we agree with those rulings.  *Lewis v. State*, No. 01-12-00076-CR, 2012 WL 6097582 (Tex. App.—Houston [1st Dist.] Dec. 6, 2012, pet. granted); *Alexander v. State*, No. 10-10-00279-CR, 2012 WL 1366566 (Tex. App.—Waco Apr. 18, 2012, pet. denied); *Perez v. State*, No. 07-10-00147-CR, 2011 WL 3112061 (Tex. App.—Amarillo July 26, 2011, pet. dism'd).

[6]Martin was sentenced to twenty-five years' imprisonment, a sentence well within the range of punishment, regardless of whether the offense was listed correctly or was as erroneously shown in the judgment.

[7]The indictment alleged, in relevant part:

SHAROL MARTIN on or about September 27, 2011, in Lamar County, Texas, anterior to the presentment of this Indictment, did then and there, with intent that a felony, to-wit:  Manufacture a controlled substance, namely:  methamphetamine of more than four (4) grams but less than two

7

statutes for the offense as Section 481.112 of the Texas Health and Safety Code (dealing with the manufacture, among other things, of a controlled substance)[8] and Section 12.42 of the Texas Penal Code (providing for enhancement of the sentence).[9]

Martin argues that under Section 15.02 of the Texas Penal Code, her conviction for conspiracy to manufacture more than four grams but less than 200 grams of methamphetamine is a second-degree felony.[10] She contends that Section 12.42(b) of the Texas Penal Code merely enhances the punishment range to that of a first-degree felony. We agree.

---

hundred (200) grams be committed, agree with Willie Nowell that they would engage in conduct that would constitute said offense, and the said Defendant did perform an overt act in pursuance to said agreement, to-wit: did then and there with intent to unlawfully manufacture a controlled substance, namely: methamphetamine possess or transport a chemical substance, to-wit: pseudoephedrine or ephedrine . . . .

[8]The salient text of that statute is:

(a) Except as authorized by this chapter, a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1.
        . . . .

(d) An offense under Subsection (a) is a felony of the first degree if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, four grams or more but less than 200 grams.

TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2010).

[9]The salient text of that statute is:

[I]f it is shown on the trial of a felony of the second degree that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a), on conviction the defendant shall be punished for a felony of the first degree.

TEX. PENAL CODE ANN. § 12.42(b) (West Supp. 2012).

[10]In response, the State contends that the judgment was correct in reflecting a conviction for a first-degree felony. For this proposition, the State relies on the unpublished opinion *Lane v. State,* No. 05-93-02018-CR, 1996 WL 29304 (Tex. App.—Dallas Jan. 22, 1996, no pet.). The present case is distinguishable, however, because *Lane* sought to apply Section 15.02 of the Texas Penal Code to lower the punishment range of the offense rather than the degree of felony itself, as is the case here. *Id.* at **1–3.

Under Section 481.112(a) and (d), it is a first-degree felony to deliver, manufacture, or possess with intent to deliver more than four but less than 200 grams of methamphetamine. TEX. HEALTH & SAFETY CODE § 481.112. However, Martin was neither indicted nor convicted for delivery, manufacture, or possession; Martin was indicted for and convicted of conspiracy to manufacture more than four grams but less than 200 grams of methamphetamine, and, by statute, this offense is a second-degree felony.[11] TEX. PENAL CODE ANN. § 15.02. Because Martin was previously convicted of trafficking in methamphetamines, a felony, Section 12.42 of the Texas Penal Code enhances the punishment range of this offense to that of a first-degree felony without changing the felony degree of the offense itself. *See* TEX. PENAL CODE ANN. § 12.42. Accordingly, we sustain this point of error and modify the judgment to reflect conviction of a second-degree felony with punishment enhanced to the penalty range of a first-degree felony. We also modify the judgment to reflect that the statute of the offense is Section 15.02 of the Texas Penal Code, rather than Section 481.112 of the Texas Health and Safety Code.

As modified, the trial court's judgment is affirmed.

Josh R. Morriss, III
Chief Justice

Date Submitted:     June 18, 2013
Date Decided:       June 28, 2013

Publish

---

[11]The State contends that under Section 481.112 of the Texas Health and Safety Code, the offense alleged in the indictment is a first-degree felony. Admittedly, however, the indictment is for conspiracy, under Section 15.02, to commit an act under Section 481.112, thereby rendering the offense a second-degree felony. *See* TEX. PENAL CODE ANN. § 15.02 (West 2011).

9