

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00243-CR

VICTORIA ANN DOUGLAS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 42769-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

## MEMORANDUM OPINION

Following an open plea of guilty, Victoria Ann Douglas was convicted of theft and sentenced to nine months' confinement in a state jail facility. In a single point of error, she contends on appeal that the trial court erred in assessing attorney's fees against her because she had been found indigent. We agree and modify the judgment by deleting the attorney's fee assessment.

The judgment reflects an assessment of $382.50 in attorney's fees against Douglas. The record also shows that, due to her indigent status, Douglas has been represented by appointed counsel throughout these proceedings and received a copy of the appellate record free of charge.

Before a trial court can order an individual previously adjudged to be indigent to pay all or part of the fees of appointed counsel, the Texas Code of Criminal Procedure requires the court to determine whether the "defendant has financial resources that enable him to offset in part or in whole" the cost of his appointed counsel. TEX. CODE CRIM. PROC. ANN. art 26.05(g) (West Supp. 2013). Further, Article 26.05(g) "requires a present determination of *financial* resources." *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013) (speculation about future resources not allowed). In this case, Douglas was deemed indigent, and the trial court made no further finding regarding her financial status prior to the assessment of attorney's fees. Consequently, the trial court erred in assessing attorney's fees against Douglas. In such a situation, the proper remedy is to modify the judgment by removing the unauthorized fee assessment. *Id.*; *see Martin v. State*, 405 S.W.3d 944, 948 (Tex. App.—Texarkana 2013, no pet.).

We, therefore, modify the judgment of the trial court by deleting the $382.50 assessment for the fees of Douglas's court-appointed attorney. As modified, the trial court's judgment is affirmed.


                                                    Jack Carter
                                                    Justice

Date Submitted:      May 8, 2014
Date Decided:        May 30, 2014

Do Not Publish