

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-00346-CR

_____

AARON DATHAN DAVIS AKA AARON NATHAN DAVIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181ˢᵗ District Court
Potter County, Texas
Trial Court No. 65,984-B; Honorable John Board, Presiding

June 23, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Following a plea of not guilty, Appellant, Aaron Dathan Davis aka Aaron Nathan Davis, was convicted by a jury of assault against a public servant, enhanced, and sentenced to eight years confinement.[1]  By two issues, Appellant challenges the

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(b)(1) (West Supp. 2013).  Although the offense is a third degree felony, the range of punishment for the offense was enhanced to that of a second degree felony because Appellant had been previously convicted of a felony other than a state jail felony.  *Id.* § 12.42(a) (West Supp. 2013).

sufficiency of the evidence to sustain court-appointed attorney's fees in the sum of $4,436.00 and investigator's fees in the sum of $1,056.25. The State agrees with Appellant's contentions and concedes the judgment should be modified to delete both sums.

It is well established that in order to assess the "cost of legal services provided, including any expenses and costs," a trial court must determine that the defendant has financial resources that enable him to offset in part or in whole those costs. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2013); *Mayer v. State*, 309 S.W.3d 552, 555-56 (Tex. Crim. App. 2010). Additionally, article 26.05(h) of the Code provides for reimbursement of expenses incurred for a private investigator appointed and approved by the trial court. *See* art. 26.05(h). In *Martin v. State*, 405 S.W.3d 944, 948 (Tex. App.—Texarkana 2013, no pet.), the court determined that the cost of a court-appointed investigator is a cost of provision of a defendant's constitutionally mandated defense. In the absence of a legislative mandate, that cost may not be assessed against a defendant without a finding by the trial court of ability to pay. *Id.*

Here, Appellant argues, and the State agrees, there is no factual basis in the record to support an assessment against Appellant of $4,436.00 for attorney's fees or $1,056.25 for investigator fees.[2] We sustain Appellant's two issues.

_____

[2] Although the *Bill of Cost* reflects "Attorney Fee(s) – Original Plea Agreement," the State notes Appellant entered a not guilty plea so there was no "Original Plea Agreement."

## CONCLUSION

Accordingly, we modify the trial court's judgment to delete any obligation to pay the "Investigator Fees" of $1,056.25 and "Attorney Fee(s)" of $4,436.00, and we order the preparation of an amended *Bill of Cost.* As modified, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.