

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00062-CR

_____

BILLY JOE WALDROUP, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 44403-B

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Billy Joe Waldroup was convicted of assault family violence by impeding breathing or blood circulation, was sentenced to ten years' imprisonment, and was ordered to pay $1,062.50 in attorney fees for his court-appointed counsel.[1] In his sole point of error on appeal, which the State concedes, Waldroup challenges only the trial court's assessment of attorney fees against him. We sustain Waldroup's point of error because the record (1) established that he was indigent and (2) contained no evidence that he had the ability to pay attorney fees for court-appointed counsel. Accordingly, we modify the trial court's judgment by deleting the assessment of attorney fees against Waldroup and affirm the trial court's judgment, as modified.

A claim of insufficient evidence to support court costs and court-appointed attorney fees is reviewable on direct appeal. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if "the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014). "'[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees'" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer*, 309 S.W.3d at 556).

---

[1]*See* TEX. PENAL CODE ANN. § 22.01(b)(2)(B) (West Supp. 2014).

The State concedes that Waldroup is indigent and that the record is devoid of any determination or finding by the trial court that he had financial resources or was otherwise able to pay the appointed attorney fees. *See Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013). Thus, the assessment of attorney fees was erroneous and should be removed. *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see Mayer*, 309 S.W.3d 552; *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.). Accordingly, we modify the trial court's judgment by deleting the $1,062.50 assessment for attorney fees from the judgment.

We affirm the trial court's judgment, as modified.


Josh R. Morriss, III
Chief Justice

Date Submitted:     August 24, 2015
Date Decided:       September 2, 2015

Do Not Publish

3