

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-16-00097-CR

---

IN RE JAMES CRAIG SUPPLEE

---

Original Mandamus Proceeding

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

James Craig Supplee, proceeding pro se, has filed a petition for writ of mandamus, asking this Court to direct the Honorable Laurine J. Blake of the 336th Judicial District Court of Fannin County to amend his judgments of conviction and bills of cost to remove costs allegedly assessed for the attorney fees of his appointed counsel. In his petition for writ of mandamus, Supplee alleges that the attorney fees were wrongfully assessed against him since there was no finding by the trial court that he is no longer indigent.

Mandamus relief will be granted only when the record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding); *see In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding). The relator must provide this Court with a record sufficient to establish the right to mandamus relief. *Walker*, 827 S.W.2d at 837; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3.

Unless there is proof and a finding that he is no longer indigent, court-appointed attorney fees may not be assessed against an indigent defendant. *Cates v. State*, 402 S.W.3d 250 (Tex. Crim. App. 2013); *Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010). If there is no such finding, the trial court errs when it assesses attorney fees against an indigent defendant. *Martin v. State*, 405 S.W.3d 944 (Tex. App.—Texarkana 2013, no pet.). However, such an alleged error must be attacked through a direct appeal from the judgment of conviction that contains the

assessment, if available, not by mandamus. *In re Maxwell*, No. 06-14-00067-CV, 2014 WL 4264935, *1 (Tex. App.—Texarkana Aug. 29, 2014, orig. proceeding) (mem. op.).

Supplee provided copies of the judgments of conviction, each of which indicates that Supplee pled guilty to each particular charged offense. In addition, there is some indication in his Appendix that the punishment recited in the judgments exceeded the punishment agreed to by Supplee. On this record, we are unable to determine whether Supplee had a right to appeal, or, if necessary, he obtained permission from the trial court to appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006).

In addition, although Supplee provided copies of several documents entitled "Criminal Court Cost from 1-1-10 to present," there is nothing on these documents that indicate that they originated from the District Clerk of Fannin County or that they correspond to the causes of action reflected in the judgments of conviction. Also, Supplee has failed to attach a signed verification that he has reviewed the petition and that the factual statement in the petition is supported by competent evidence. *See* TEX. R. APP. P. 52.3(j). On this record, we are unable to determine whether the trial court included court-appointed attorney fees in the costs assessed against Supplee in the judgments of conviction.

Supplee has failed to demonstrate that he is entitled to mandamus relief. We deny his petition.

Josh R. Morriss, III
Chief Justice

Date Submitted:     May 26, 2016
Date Decided:       May 27, 2016

Do Not Publish