

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00192-CR

_____

ROGER MARTIN BRADFORD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 15-0152X

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Roger Martin  Bradford was convicted by jury of the third degree felony offense of driving while intoxicated (DWI), third or more, and was sentenced to four years' confinement.  *See* TEX. PENAL CODE ANN. § 49.09(b) (West Supp. 2016).  Although we find it necessary to modify the judgment to delete the assessment of attorney fees, we otherwise affirm the trial court's judgment because (1) there is no variance between the indictment and the court's charge, and (2) the County Court at Law of Harrison County had authority to try Bradford's case.

*(1)     There Is No Variance Between the Indictment and the Court's Charge*

Bradford was indicted on the charge of DWI, third or more, alleged to have occurred on or about March 4, 2015.  The State thereafter filed a motion to amend the indictment to allege that the offense occurred on or about March 4, 2014.  The trial court orally granted that motion before trial. The original clerk's record, however, did not include an amended indictment.  Consequently, the record as originally presented to this Court contained an indictment which did not track the charge of the court.[1]  Thereafter, a supplemental clerk's record was filed, which contained an interlined copy of the original indictment.  The date of the offense was changed from March 4, 2015, to March 4, 2014.  There can be no question but that the indictment here properly tracks the charge of the court, and we find no error on that basis.

*(2)     The County Court at Law of Harrison County Had Authority to Try Bradford's Case*

Bradford's indictment was presented to the 71st Judicial District Court of Harrison County, and the case proceeded to jury trial before the Honorable Joe Black, sitting for the 71st Judicial

---

[1]The court's charge instructed that the offense was alleged to have been committed on March 4, 2014.

District Court.  All pretrial matters were heard by the District Court as well.  However, the charge of the court, the verdict form, the punishment instructions, and the verdict on punishment all bear the heading of the County Court at Law of Harrison County, Texas.  These documents are all signed by Judge Joe Black.  The judgment of conviction emanated from the 71st Judicial District Court of Harrison County and was signed by Judge Black.

To the extent Bradford takes issue with the authority of the County Court at Law of Harrison County to sit for the 71st Judicial District Court, we find no error.  The County Court at Law of Harrison County has concurrent jurisdiction with the 71st Judicial District Court in felony cases other than capital murder cases.  TEX. GOV'T CODE ANN. § 25.1042(a)(2) (West Supp. 2016). In matters of concurrent jurisdiction, the judge of the County Court at Law may be assigned a felony case, other than a capital murder case, by the 71st Judicial District Court.  TEX. GOV'T CODE ANN. § 25.1042(b) (West Supp. 2016).   In any event, Bradford failed to object to the exchange of benches in this case, so any complaint regarding the lack of an assignment authorizing the exchange has not been preserved for our review.[2]

Finally, to the extent that Bradford takes issue with the case style on the court's charge, verdict form, punishment instructions, and verdict on punishment, such complaint lacks merit.  It is apparent that the County Court at Law judge presided over Bradford's trial in the stead of the 71st Judicial District Court judge.  We find the heading of the County Court at Law of Harrison County, Texas, on the referenced documents is merely a clerical error and is therefore harmless.

---

[2]We are not presented with any issue concerning a lack of jurisdiction of the convicting court.  Instead, any alleged error involves statutory procedure.

3

*(3)    Modification of the Judgment*

Bradford challenges the trial court's assessment of attorney fees against him, as an indigent defendant,[3] in the amount of $2,067.75.  We agree and modify the judgment by deleting the award of attorney fees.

Court-appointed attorney fees cannot be assessed against an indigent defendant unless there is proof and a finding that he or she is no longer indigent. *Cates v. State*, 402 S.W.3d 250 (Tex. Crim. App. 2013); *Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010).  In this case, there is no such evidence or finding.  The trial court thus erred by assessing attorney fees against Bradford. The proper remedy is to modify the judgment and remove the fee award. *Cates*, 402 S.W.3d at 252; *Martin v. State*, 405 S.W.3d 944, 947 (Tex. App.—Texarkana 2013, no pet.).  We, therefore, modify the judgment of the trial court by deleting the fees for Bradford's court-appointed attorney.

We affirm the trial court's judgment, as modified.


Josh R. Morriss, III
Chief Justice


Date Submitted:      October 24, 2016
Date Decided:        November 2, 2016

Do Not Publish

---

[3]Bradford was determined to be indigent in the trial court.

4