

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00117-CR

FREDZRINA LEENETTE HARVEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 47,478-A

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Fredzrina Leenette Harvey pled guilty to credit card abuse, and the trial court sentenced her to eighteen months' confinement in state jail.

In her sole issue on appeal, Harvey claims that because she was indigent, the trial court erred in assessing attorney fees against her.[1] Pursuant to Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees. This Article states:

> (g) If the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided to the defendant in accordance with Article 1.051(c) or (d), including any expenses and costs, the judge shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that the judge finds the defendant is able to pay.

TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2018). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

Here, the record reflects that Harvey was found to be indigent by the trial court. The record does not contain any determination or finding by the trial court that Harvey had any financial resources or was able to pay the appointed attorney fees. Thus, the assessment of the $391.00 in attorney fees for counsel appointed to represent Harvey during the revocation proceedings was

---

[1] The State concedes the error.

erroneous[2] and should be redacted. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see also Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.).

We sustain Harvey's sole point of error and modify the judgment by deleting the assessment of $391.00 in attorney fees from the judgment. As modified, we affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     November 26, 2018
Date Decided:       November 27, 2018

Do Not Publish

---

[2]The trial court also appointed Harvey counsel on appeal.