

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00044-CR

TIMOTHY DARWIN EILAND, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 47202-A

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

Timothy Darwin Eiland entered an open plea of guilty to the offense of failing to register as a sex offender. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102. After a bench trial on punishment, Eiland was sentenced to fifteen years' imprisonment and was ordered to pay $1,360.00 in attorney fees for court-appointed counsel.

On appeal, Eiland argues that (1) the trial court erred in assessing attorney fees against him because he is indigent and (2) the clerical errors in the trial court's judgment must be modified. The State concedes these points of error. We modify the trial court's judgment by deleting the assessment of attorney fees and correcting the clerical errors. As modified, we affirm the trial court's judgment.

## I. We Delete the Assessment of Attorney Fees Because Eiland Is Indigent

Because the trial court found Eiland indigent, he was presumed to remain indigent absent proof of a material change in his circumstances. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (Supp.); *Walker v. State*, 557 S.W.3d 678, 689 (Tex. App.—Texarkana 2018, pet. ref'd). Even so, the trial court, which also found Eiland indigent after trial, assessed $1,360.00 in attorney fees against him.

Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if "the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided . . . including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g). "[T]he defendant's financial resources and ability to pay are explicit critical

elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)). Since there is no finding of the ability of Eiland to pay them, the assessment of the attorney fees was erroneous. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see also Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.).

"Appellate courts 'have the authority to reform judgments and affirm as modified in cases where there is non reversible error.'" *Walker*, 557 S.W.3d at 690 (quoting *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments)). We sustain Eiland's first point of error and modify the trial court's judgment by deleting the assessment of $1,360.00 for attorney fees.

## II.     We Modify the Judgment to Correct Clerical Errors

In his second point of error, Eiland argues that the trial court's judgment contains two errors requiring modification. First, Eiland notes that he entered an open plea, but the judgment states that the terms of the plea bargain were "15 YEARS TDCJ." Second, Eiland's failure to register as a sex offender was an offense under Article 62.102(b)(3) of the Texas Code of Criminal Procedure, but the judgment mistakenly reflects that the statute of offense is contained in the Texas Penal Code.

The State agrees, and the record reflects, that modification is required. We sustain Eiland's second point of error. As a result, we also modify the trial court's judgment by (1) deleting the

3

reference to "15 YEARS TDCJ" under the heading "Terms of Plea Bargain" and replacing it with the notation "Not Applicable," and (2) correcting the statute of offense section to show Eiland violated Article 62.102(b)(3) of the Texas Code of Criminal Procedure.

## III.     Conclusion

We modify the trial court's judgment by (1) deleting the assessment of $1,360.00 for attorney fees, (2) deleting the reference to "15 YEARS TDCJ" under the heading "Terms of Plea Bargain" and replacing it with the notation "Not Applicable," and (3) correcting the statute of offense section to show Eiland violated Article 62.102(b)(3) of the Texas Code of Criminal Procedure.  We affirm the trial court's judgment, as modified.


Scott E. Stevens
Justice


Date Submitted:      September 5, 2019
Date Decided:        September 10, 2019

Do Not Publish