

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00140-CR

_____

EDGAR LEE STARR, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 48,108-A

_____

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Edgar Lee Starr appeals the judgment convicting him of theft of property valued at less than $2,500.00, with two prior theft convictions,[1] and sentencing him to twenty months' confinement. On appeal, Starr contends that the trial court erred in assessing him $425.00 for his court-appointed attorney fees. We will modify the trial court's judgment and the bill of costs by deleting the assessment of attorney fees and affirm the judgment, as modified.

## I. Background

Starr entered an open plea of guilty to theft of property valued at less than $2,500.00 and pled true to two prior theft convictions. The trial court found Starr guilty, found two prior theft convictions true, and, after a punishment hearing, sentenced Starr to twenty months' confinement. In its written judgment, the trial court also assessed $314.00 in court costs and $425.00 for attorney fees.[2] The trial court had earlier found Starr to be indigent and appointed counsel both for trial and the appeal.

## II. The Trial Court Erred By Assessing Starr Attorney Fees

In his sole point of error, Starr asserts that the trial court erred in assessing him court-appointed attorney fees. A trial court is authorized to order the reimbursement of court-appointed attorney fees only "[i]f the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided . . . including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Supp.). "[T]he defendant's

---

[1]*See* TEX. PENAL CODE. ANN. § 31.03(e)(4)(D).

[2]The certified bill of costs also contains and entry of $425.00 for "Attorney Fee."

2

financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

The record shows that the trial court found Starr to be indigent and that Starr was represented by court-appointed counsel throughout these proceedings. Because Starr was found to be indigent, he is presumed to remain indigent for the remainder of the case unless there has been a material change in his financial circumstances. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (Supp.); *Walker v. State*, 557 S.W.3d 678, 689 (Tex. App.—Texarkana 2018, pet. ref'd). There is no evidence in the record that Starr's financial circumstances have changed, and there is no finding that Starr had the ability to pay the fees of his court-appointed attorney. Consequently, the assessment of $425.00 for court-appointed attorney fees was erroneous. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see also Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.). Therefore, we sustain Starr's sole issue.

"Appellate courts 'have the authority to reform judgments and affirm as modified in cases where there is non reversible error.'" *Walker*, 557 S.W.3d at 690 (quoting *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments)). We modify the trial court's judgment by changing the

3

assessment for attorney fees from $425.00 to $0.00. In addition, we modify the certified bill of costs by changing the amount for "Attorney Fee" from $425.00 to $0.00.[3]

## III.     Disposition

For the reasons stated, we modify the trial court's judgment and the bill of costs by changing the assessment of attorney fees from $425.00 to $0.00.  As modified, we affirm the trial court's judgment.


Ralph K. Burgess
Justice


Date Submitted:      February 4, 2020
Date Decided:        February 5, 2020

Do Not Publish

---

[3]Court-appointed attorney fees contained in a certified bill of costs are effective, whether or not orally pronounced and whether or not incorporated in the written judgment. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011).

4