

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-19-00223-CR

---

RUBEN LOVE ASBERRY, SR., Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 369th District Court
Anderson County, Texas
Trial Court No. 369CR-16-32573

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

An Anderson County jury convicted Ruben Love Asberry, Sr., of possession with intent to deliver more than four, but less than 200, grams of methamphetamine.[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d). Asberry was sentenced to seventy-five years' imprisonment and was ordered to pay a $10,000.00 fine and $404.00 in court costs.

On appeal, Asberry argues that the bill of costs should be modified to delete a note stating that fees for his court-appointed attorney can be added later because there is no evidence that he is able to pay them. The State concedes the issue. Asberry also argues that the trial court's judgment should be modified to reflect the correct date of offense, but a judgment nunc pro tunc has already corrected that issue. As a result, we modify the bill of costs by deleting language stating that attorney fees can be added later and affirm the trial court's judgment.

Because he was indigent, the trial court did not assess attorney fees against Asberry. The bill of costs correctly showed that the judgment did not contain a fee for Asberry's court-appointed attorney, but also included a note that such fees could be added later. Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if "the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Twelfth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

Since there is no finding of the ability of Asberry to pay them, attorney fees could not be assessed against him. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see also Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.). Accordingly, Asberry asks that we modify the bill of costs by deleting the language stating that attorney fees can be added later.[2] The State concedes the point and agrees to the modification of the bill of costs. We sustain Asberry's first point of error.

In his second point of error, Asberry argues that the judgment contains the incorrect date of offense. Because a judgment nunc pro tunc recently filed with this Court has corrected the issue, we overrule Asberry's last point of error.

---

[2]"Court costs, as reflected in a certified bill of costs, need neither be orally pronounced nor incorporated by reference in the judgment to be effective." *Armstrong*, 340 S.W.3d at 766.

We modify the bill of costs by deleting the language stating, "COURT APPOINTED ATTORNEY FEES MAY BE ADDED AT A LATER DATE," and affirm the trial court's judgment.

                                                Josh R. Morriss, III
                                                Chief Justice

Date Submitted:      March 5, 2020
Date Decided:        March 6, 2020

Do Not Publish