

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-19-00232-CR

---

DEANDRE J. CHANDLER, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 3rd District Court
Anderson County, Texas
Trial Court No. 3CR-17-33201

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

Deandre J. Chandler was convicted in Anderson County[1] of assault on a public servant. *See* TEX. PENAL CODE ANN. § 22.01 (Supp.). He was represented by appointed counsel after the trial court found him indigent. Chandler was sentenced to eighteen years' imprisonment and was ordered to pay a $10,000.00 fine and $354.00 in court costs. Following Chandler's conviction, the district clerk's bill of costs contained a notation that "COURT APPOINTED ATTORNEYS FEES MAY BE ADDED AT A LATER DATE."

On appeal, Chandler argues that the bill of costs should be modified to delete the note stating that fees for his court-appointed attorney can be added later because there is no evidence in the record reflecting a material change in Chandler's financial circumstances since the trial court appointed counsel. The State concedes this issue. Because the record contains no evidence of a change in Chandler's financial circumstances after the finding of his indigency, we modify the trial court's bill of costs by striking the language that attorney fees can be added later. With that modification to the bill of costs, we affirm the trial court's judgment.

Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if "the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Supp.). "[T]he defendant's financial resources and ability to pay are explicit critical

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Twelfth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)). "A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (Supp.). Since there is no finding of the ability of Chandler to pay them, the statement in the bill of costs[2] that attorney fees could later be assessed or imposed was erroneous. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see also Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.).

Accordingly, we modify the trial court's bill of costs by deleting the language stating "COURT APPOINTED ATTORNEYS FEES MAY BE ADDED AT A LATER DATE" and affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:     March 6, 2020
Date Decided:       March 9, 2020

Do Not Publish

---

[2]"[A]ttorney fees as set forth in a certified bill of costs are effective whether or not incorporated by reference in the written judgment." *Armstrong*, 340 S.W.3d at 767.

3