

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-20-00056-CR

NURU NATHAN TINCH, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 49005-B

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Charged with aggravated assault with a deadly weapon that caused serious bodily injury to a member of his household, Nuru Nathan Tinch, Jr., entered an open plea of guilty. *See* TEX. PENAL CODE ANN. § 22.02(b)(1). After a punishment trial to the bench, Tinch was sentenced to thirty-two years' imprisonment and was ordered to pay $1,076.67 in attorney fees for his court-appointed counsel.

In his sole point of error on appeal, Tinch argues that we should delete the assessment of attorney fees against him because he is indigent. Because we agree, we modify the clerk's bill of costs and the judgment by deleting the assessment of attorney fees. We also modify the trial court's judgment to reflect the correct statute of offense and affirm the judgment, as modified.

Because the trial court found Tinch indigent, he was presumed to remain indigent absent proof of a material change in his circumstances. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (Supp.); *Walker v. State*, 557 S.W.3d 678, 689 (Tex. App.—Texarkana 2018, pet. ref'd). Even so, the trial court, which also found Tinch indigent after trial for purposes of appeal, assessed $1,076.67 in attorney fees against him. This fee is reflected in the clerk's bill of costs.

Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if "the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g). "[T]he defendant's financial resources and ability to pay are explicit

2

critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)). Since there is no finding that Tinch could pay them, the assessment of the attorney fees was erroneous. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see also Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.).

"Appellate courts 'have the authority to reform judgments and affirm as modified in cases where there is non reversible error.'" *Walker*, 557 S.W.3d at 690 (quoting *Ferguson v. State*, 435 S.W.3d 291, 293 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments)). We sustain Tinch's sole point of error.

We also note that the trial court's judgment lists "22.02(B)(1)" as the statute of offense instead of "22.02(b)(1)." *See* TEX. PENAL CODE ANN. § 22.02(b)(1) (Supp.).

We modify the clerk's bill of costs and the judgment by deleting the assessment of attorney fees. We also modify the trial court's judgment to reflect that the correct statute of offense is Section 22.02(b)(1) of the Texas Penal Code. As modified, the trial court's judgment is affirmed.


                                              Josh R. Morriss, III
                                              Chief Justice

Date Submitted:        October 15, 2020
Date Decided:          October 20, 2020

Do Not Publish