

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00185-CR

RICHARD LEE PERCIVILL, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 48,441-B

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

Richard Lee Percivill, Jr., was indicted in two separate indictments for family violence assault. The two cases were tried together, and he entered a plea of guilty to both indictments and a plea of true to the indictments' enhancement allegations of having a prior conviction for family violence assault. The trial court found him guilty and, after a hearing on punishment, sentenced him to five years in prison for each conviction, with the sentences to run concurrently.

In this appeal from the first conviction for family violence assault, Percivill argues (1) that he was improperly assessed $425.00 in attorney fees because he was indigent and (2) that the statute imposing the $25.00 time payment fee reflected in the judgment and bill of costs is facially unconstitutional.[1]

Because Percivill is indigent, we modify the judgment by deleting the assessment of attorney fees, and while we need not address Percivill's constitutional argument, we conclude that the imposition of a time payment fee was premature and, therefore, we modify the bill of costs and the trial court's judgment accordingly.

## I. Attorney Fees

In his first point of error, Percivill contends that the judgment improperly assessed $425.00 in attorney fees against him.

Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if "the court determines that a defendant has financial resources that enable him to offset in part or in whole

---

[1]The State did not oppose Percivill's arguments on appeal.

the costs of the legal services provided, including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Supp.). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)). Since there is no finding of the ability of Percivill to pay them, the assessment of the attorney fees was erroneous. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see also Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.).

Even though this is not reversible error, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non reversible error." *Ferguson v. State*, 435 S.W.3d 291, 293 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments). Accordingly, we modify the trial court's judgment by deleting the assessment of $425.00 for attorney fees from the judgment.

## II. Time Payment Fee

The judgment and bill of costs reflect the assessment of a time payment fee in the amount of $25.00. In his final point of error, Percivill argues that the time payment fee is facially unconstitutional pursuant to Section 133.103, subsections (b) and (d), of the Texas Local Government Code.

Here, we need not address Percivill's argument that the time payment fee is unconstitutional. Recently, the Texas Court of Criminal Appeals has determined that "[t]he

3

pendency of an appeal stops the clock for purposes of the time payment fee" and, as a result, "the assessment of the time payment fees . . . [are] premature." *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). Pursuant to *Dulin*, we strike the time payment fee "in [its] entirety, without prejudice to [it] being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution that he owes." *Id.*

Accordingly, in addition to removing the attorney fees assessed against Percivill as discussed hereinabove, we also modify the bill of costs and the trial court's judgment by deleting the time payment fee.

We affirm the judgment, as modified.


Ralph K. Burgess
Justice


Date Submitted:     June 8, 2021
Date Decided:       July 23, 2021

Do Not Publish

4