

**In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana**

No. 06-21-00109-CR

LAKENDRICK DEONTAE RUGLEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 51584-A

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Chief Justice Morriss

_____
*Jack Carter, Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

After pleading guilty to unauthorized use of a vehicle and unlawful possession of a firearm by a felon—enhanced by an allegation that he had a prior felony conviction[1]—Lakendrick Deonta Rugley was placed on deferred adjudication community supervision for five years for unauthorized use of a vehicle and ten years for unlawful possession of a firearm by a felon. Within the term of each deferred adjudication, the State moved to adjudicate Rugley's guilt and revoke his community supervision. Rugley pled true to the allegations in the State's motion, and the trial court found the allegations to be true, adjudicated Rugley's guilt, revoked his community supervision, and sentenced him to twenty-two months in prison for unauthorized use of a vehicle and eighteen years in prison for unlawful possession of a firearm. The trial court's nunc pro tunc judgment adjudicating guilt also assessed Rugley $1,003.00 in attorney fees.

Here, Rugley appeals from his conviction for unauthorized use of a vehicle, and he argues that, because he was indigent, the trial court erred by assessing attorney fees against him.[2] The State concedes this issue. Because the record contains no evidence of a change in Rugley's financial circumstances after the finding of his indigency, we modify the trial court's nunc pro tunc judgment adjudicating guilt and the bill of costs by striking the assessment of attorney fees. With that modification to the judgment and bill of costs, we affirm the trial court's judgment.

---

[1]Rugley entered plea agreements for each offense by which he stipulated to the evidence, waived his right to a jury trial, and pled guilty to the charged offense.

[2]We resolve Rugley's appeal from his conviction for unlawful possession of a firearm by a felon in our opinion issued this day in cause number 06-21-00108-CR.

2

Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if "the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Supp.). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)). "A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (Supp.). Since there is no finding that Rugley can pay them, the assessment in the nun pro tunc judgment adjudicating guilt and in the bill of costs of $1,003.00 in attorney fees was erroneous. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see also Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.).

Accordingly, we modify the trial court's nunc pro tunc judgment adjudicating guilt and the bill of costs by deleting the assessment of $1,003.00 in attorney fees and otherwise affirm the trial court's nunc pro tunc judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:    March 15, 2022
Date Decided:      May 5, 2022

Do Not Publish