

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00115-CR

JANET LISTER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 50688-A

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

Charged with theft of property of a value less than $2,500.00, Janet Lister entered an open plea of guilty. *See* TEX. PENAL CODE ANN. § 31.03. The trial court sentenced her to twelve years' confinement in prison[1] and ordered her to pay $2,465.00 in attorney fees for her court-appointed counsel. In her sole point of error on appeal, Lister contends that we should delete the assessment of attorney fees against her because she is indigent. We agree and modify the clerk's bill of costs and the judgment by striking the assessment of attorney fees.

Because the trial court found Lister to be indigent, she was presumed to remain indigent absent proof of a material change in her circumstances. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (Supp.); *Walker v. State*, 557 S.W.3d 678, 689 (Tex. App.—Texarkana 2018, pet. ref'd). Even so, the trial court, which also found Lister indigent after trial for purposes of appeal, assessed $2,465.00 in attorney fees against her. That fee was also reflected in the clerk's bill of costs.

Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if "the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided . . . including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d

---

[1]Lister's punishment was enhanced by two prior theft convictions and convictions of burglary of a habitation and robbery.

759, 765–66 (Tex. Crim. App. 2011) (alteration in original) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)). Since there was no finding that Lister could pay them, the assessment of the attorney fees was erroneous. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see also Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.).

When we discover non-reversible error, we have the authority to modify an incorrect judgment whether the matter has been called to our attention by a party or we are acting sua sponte. *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.) (citing *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992)). "The Texas Rules of Appellate Procedure also provide direct authority for this Court to modify the trial court's judgment." *Id.* (citing TEX. R. APP. P. 43.2(b)). We sustain Lister's sole point of error.

Accordingly, we modify the clerk's bill of costs and the judgment of conviction by striking the assessment of attorney fees in the amount of $2,465.00. As modified, the trial court's judgment is affirmed.

Scott E. Stevens
Justice

Date Submitted:    August 18, 2022
Date Decided:      August 31, 2022

Do Not Publish

3