

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00166-CR

MICHAEL RAY HOWARD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 47,309-B

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

Michael Ray Howard appeals from a judgment revoking his community supervision and sentencing him to eight years' imprisonment for family violence assault with one prior conviction for family violence assault.[1]  On appeal, Howard asserts that the trial court erred (1) in assessing him a $1,500.00 fine and (2) in assessing him $850.00 for his court-appointed attorney fees.  We will modify the trial court's judgment, reduce the assessment of attorney fees to $425.00, and affirm the judgment, as modified.

## I.      Background

On May 18, 2019, Howard pled guilty and judicially confessed to family violence assault with one prior conviction of family violence assault.  The trial court found Howard guilty and, pursuant to a plea agreement, sentenced Howard to ten years' imprisonment and assessed him a $1,500.00 fine, court costs, and $425.00 for attorney fees.  The trial court then suspended the ten-year sentence and placed Howard on community supervision for seven years.

In June 2019, the State filed its First Amended Application for Revocation of Probation and alleged that Howard had violated nine conditions of his community supervision.  Howard pled true to the State's allegations and executed a stipulation of evidence of violations of eight conditions of his community supervision.  After hearing testimony from Howard and his community supervision officer, the trial court found the State's allegations true, revoked Howard's community supervision, and sentenced him to eight years' imprisonment.  In its written judgment

---

[1]Family violence assault with one prior conviction for family violence assault is a third-degree felony.  TEX. PENAL CODE. ANN. § 22.01(b)(2)(A) (Supp.).

revoking Howard's community supervision, the trial court also assessed Howard a $1,500.00 fine, court costs, and $850.00 for attorney fees.

## II.     The Fine Was Properly Included in the Judgment

In his first issue, Howard complains that the trial court erred in including a $1,500.00 fine in its written judgment because it did not include a fine in its oral pronouncement in open court at the time his community supervision was revoked. The State responds that since the fine was orally pronounced at the time Howard was originally found guilty, it was not necessary to pronounce it again at the revocation hearing. We agree.

When the oral pronouncement of a sentence varies from the written memorialization of that sentence, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). Because fines are punitive and intended to be a part of the defendant's sentence, they "generally must be orally pronounced in the defendant's presence." *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (citing TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004)). However, when a fine is orally pronounced and imposed at the original plea hearing, and is not probated by the trial court, it may be properly included in the judgment revoking community supervision without further oral pronouncement. *See Coffey*, 979 S.W.2d at 329.

At the original plea hearing, the trial court made the following pronouncement after finding Howard guilty:

> And I will follow the plea agreement, and I will assess your punishment at 10 years' confinement in the Institutional Division of the Texas Department of Criminal Justice, but I will probate that for a period of 7 years with the following terms and conditions of probation: That you will pay a $1500 fine and court costs, you will

3

pay your supervision fee, you will attend and complete parenting classes, you will complete the Anger Intervention Program. You will perform four hours a month community work service. You will pay a $50 Crime Stoppers fee. And all the other standard terms and conditions of probation.

The written judgment of conviction follows this pronouncement, suspending the ten-year sentence for seven years' community supervision and assessing a $1,500.00 fine. Also, the trial court's order establishing the conditions of community supervision, entered the same day and acknowledged by Howard, provides for the payment of the $1,500.00 fine as a condition of community supervision.[2]

This record shows that the trial court pronounced and imposed the $1,500.00 fine at the original plea hearing and that the fine was not probated. Consequently, we find that the trial court properly included the fine in its judgment revoking Howard's community supervision. *See id.* Since we find that the trial court did not err by including the fine, we overrule this issue.

## III. Howard Forfeited Any Complaint About Attorney Fees Assessed in the Judgment of Conviction

In his second issue, Howard asserts that the trial court erred in assessing him $850.00 in court-appointed attorney fees. Howard argues that because the trial court determined that he was indigent, and because there was no evidence that his indigency status changed, the trial court was not authorized to assess attorney fees against him. The State concurs in Howard's claim of error.

In this case, the trial court assessed $850.00 for court-appointed attorney fees in its revocation judgment.[3] However, the record shows that this amount includes $425.00 in court-

---

[2]Howard pled true to the State's allegation that he had not paid any monthly payments toward the fine.

[3]The certified bill of costs also contains an entry of $850.00 for "Attorney Fee[s]."

4

appointed attorney fees assessed in the original judgment of conviction. A defendant with knowledge of the imposition of court-appointed attorney fees in an initial judgment placing him on community supervision who fails to timely appeal from that judgment forfeits any complaint about court-appointed attorney fees assessed in the order. *See Wiley v. State*, 410 S.W.3d 313, 318, 320–21 (Tex. Crim. App. 2013). Consequently, he may not assert those complaints in an appeal from a judgment revoking his community supervision. *See id.* at 321.

The record shows that the initial judgment placing Howard on community supervision, signed on May 17, 2018, contains an assessment of $425.00 for "ATTY FEE'S [sic]." The bill of costs, dated May 15, 2018, also contains an entry of $425.00 for "Attorney Fee[s]." Both of these documents were signed by Howard and embossed with his right thumb print. In addition, the order establishing the conditions of community supervision provided that Howard would pay a monthly fee toward "court appointed attorney fees in the . . . . total amount of $425." Howard signed an acknowledgment of his receipt of this document on May 8, 2018.

Under this record, we conclude that Howard was aware that he had been assessed, and was required to pay, the court-appointed attorney fees as of the time he signed the original judgment placing him on community supervision. *See id.* at 320–21. Consequently, he would have known to challenge the sufficiency of the evidence to support that assessment at a time he could have appealed from that judgment. *See id.* at 321. Since he did not timely appeal the judgment placing him on community supervision, any complaint regarding the $425.00 in court-appointed attorney fees assessed in that judgment has been forfeited. *See id.* We overrule this issue to the extent it

5

complains of the court-appointed attorney fee assessed in the judgment placing Howard on community supervision.

**IV.     The Judgment Revoking Community Supervision Must Be Modified**

Nevertheless, the trial court assessed an additional $425.00 for court-appointed attorney fees in its judgment revoking Howard's community supervision.  We agree that it was error to assess the additional $425.00 in court-appointed attorney fees.

Article 26.05(g) of the Texas Code of Criminal Procedure authorizes a trial court to order the reimbursement of court-appointed attorney fees only "[i]f the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided . . . including any expenses and costs."  TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Supp.).  "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided.  *Armstrong*, 340 S.W.3d at 765–66 (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

Howard contends, and the State concedes, that he has been represented by court-appointed counsel throughout these proceedings.  Because the trial court found Howard indigent, he was presumed to remain indigent absent proof of a material change in his circumstances.  *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (Supp.); *Walker v. State*, 557 S.W.3d 678, 689 (Tex. App.—Texarkana 2018, pet. ref'd).  The record is devoid of any evidence showing a change in Howard's financial circumstances and contains no finding that Howard had the ability to pay the fees of his court-appointed attorney.  Because there was no finding of the ability of Howard to

6

pay them, the assessment of the additional $425.00 for court-appointed attorney fees was erroneous. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see also Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.). Therefore, we sustain this issue to the extent it complains of the additional $425.00 assessment for court-appointed attorney fees.

"Appellate courts 'have the authority to reform judgments and affirm as modified in cases where there is non reversible error.'" *Walker*, 557 S.W.3d at 690 (quoting *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) ("comprehensively discussing appellate cases that have modified judgments")). We modify the trial court's judgment by changing the assessment for attorney fees from $850.00 to $425.00. In addition, we modify the certified bill of costs by changing the amount for "Attorney Fee[s]" from $850.00 to $425.00.[4]

**V.     Disposition**

For the reasons stated, we modify the trial court's judgment and the bill of costs by changing the assessment of attorney fees from $850.00 to $425.00. As modified, we affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:     November 25, 2019
Date Decided:      November 27, 2019

Do Not Publish

---

[4]Court-appointed attorney fees set forth in a certified bill of costs are effective, whether or not orally pronounced and whether or not incorporated in the written judgment. *Armstrong*, 340 S.W.3d at 767.

7