

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

06-20-00019-CR

_____

DAVID SHARPE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 349th District Court
Houston County, Texas
Trial Court No. 19CR-112

Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Chief Justice Morriss

O P I N I O N

A Houston County[1] jury convicted David Sharpe of injury to an elderly person. Sharpe

was assessed a fine of $5,000.00 and sentenced to ten years in prison, the sentence was suspended,

and Sharpe was placed on community supervision. The judgment also ordered Sharpe to reimburse

Houston County for the fees paid to his court-appointed counsel.

On appeal, Sharpe argues that the trial court erred by ordering him to repay the county for

the fees for his court-appointed counsel. We sustain Sharpe's point of error, modify the judgment

by deleting the assessment of attorney fees, and affirm the judgment, as modified.

The court's order imposing conditions of community supervision[2] ordered Sharpe to pay,

in "60 monthly installments," an unspecified amount of attorney fees to reimburse Houston County

for "all Court-appointed Attorney fees ordered by the Court."

A trial court has the authority to order the reimbursement of court-appointed attorney fees

only if "the judge determines that a defendant has financial resources that enable the defendant to

offset in part or in whole the costs of the legal services provided . . . including any expenses and

costs . . . ." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Supp.). "A defendant who is determined

by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in

the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE

CRIM. PROC. ANN. art. 26.04(p) (Supp.). "[T]he defendant's financial resources and ability to pay

---

[1]This case was transferred to this Court from the Twelfth Court of Appeals in Tyler as part of the Texas Supreme Court's docket equalization program. We are not aware of any conflict between the precedent of the Tyler court and the precedent of this Court on any issue relevant in this appeal. *See* TEX. R. APP. P. 41.3.

[2]*See* TEX. CODE CRIM. PROC. ANN. art. 42A.301(b)(11) (Supp.) (community supervision terms conditioned like general rule).

2

are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

There is authority that can be interpreted to rule that an indigent defendant's failure to object to the assessment of attorney fees at trial forfeits the right to object on appeal if he also received community supervision and knew of the fee assessment in time to object to the trial court. *See, e.g.*, *Henry v. State*, No. 12-18-00139-CR, 2019 WL 141382, at *3 (Tex. App.—Tyler Jan. 9, 2019, no pet.) (mem. op., not designated for publication) (no indication that judgment also assessed attorney fees). But we believe we are bound by the 2013 decision in *Wiley v. State*. *See Wiley v. State*, 410 S.W.3d 313 (Tex. Crim. App. 2013). *Wiley* stated that an indigent criminal defendant may complain about the assessment of attorney fees for the first time on appeal, unless they were assessed only in the terms of the "contractual" community supervision, not in the trial court's judgment. *Id*. The issue is before us, and the fees were improperly assessed.

Here, the record reflects that Sharpe was indigent and received court-appointed counsel for trial and appeal. Yet, the trial court ordered him to pay the attorney fees for his court-appointed counsel. However, since there is no evidence in the record showing a material change in Sharpe's financial resources and ability to pay, the court's assessment of attorney fees was erroneous. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see also Mayer*, 309 S.W.3d 552; *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.).

Notwithstanding the fact that we find no reversible error, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is nonreversible error." *Ferguson v. State*, 435 S.W.3d 291, 293 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments). If the evidence is insufficient to support the attorney fees, the court should modify the judgment to delete the attorney fees. *See Mayer*, 309 S.W.3d at 555–56.

Accordingly, we modify the trial court's judgment and the order for community supervision by deleting the assessment of, and the requirement to pay, attorney fees. We affirm the judgment and order, as modified.

Josh R. Morriss, III
Chief Justice

Date Submitted:     July 7, 2020
Date Decided:     August 5, 2020

Publish