

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00128-CR

JOSHUA GLENN BOHNER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 51780-A

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

Joshua Glenn Bohner was indicted on one count of failing to register or report a change of address as a sex offender. After a bench trial, the trial court found him guilty and sentenced him to nine years' imprisonment. On appeal, Bohner contends (1) that the evidence is legally insufficient to sustain his conviction and (2) that the trial court erred in assessing attorney fees against him.

We modify the trial court's judgment by deleting the award of attorney fees, and we affirm the trial court's judgment because the evidence supporting the court's verdict is legally sufficient.

## I.      Sufficient Evidence Supports the Trial Court's Verdict

In his first point of error, Bohner contends that the evidence is legally insufficient to support his conviction for failure to register.

"[T]he appellate standard for reviewing the sufficiency of the evidence is based on a hypothetical rational fact[-]finder." *Robinson v. State*, 466 S.W.3d 166, 172 (Tex. Crim. App. 2015). Thus, in bench trials, "we view the evidence in the light most favorable to the verdict in order to determine whether [the trial court rationally] could have found the essential elements of the offense beyond a reasonable doubt." *Id.* A conviction must be rationally "based on the evidence . . . whether a judge or jury sits as the fact finder in the case." *Id.* In bench trials and jury trials, an appellate court must apply the *Jackson v. Virginia* standard to determine if the evidence is sufficient to sustain the conviction. *See id.* at 173; *see also Jackson v. Virginia*, 443 U.S. 307 (1979); *Brooks v. State*, 323 S.W.3d 893, 902, 912 (Tex. Crim. App. 2010). This

2

standard requires the reviewing court to determine whether, considering all the evidence in the light most favorable to the verdict, the fact-finder was rationally justified in finding guilt beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *see also Brooks*, 323 S.W.3d at 899.

A person commits the offense of failure to comply with registration requirements if the person "is required to register and fails to comply with any requirement" of Chapter 62 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 62.102. Under Article 62.055(a),

> If a person . . . required to register changes address, the person shall, not later than the later of the seventh day after changing the address . . . report in person to the local law enforcement authority in the municipality or county in which the person's new residence is located and provide the authority with proof of identity and proof of residence.

TEX. CODE CRIM. PROC. ANN. art. 62.055(a) (Supp.). The indictment alleges that on or about December 13, 2020, Bohner, as a person required to register a change of address with the local law enforcement authority, failed to register with the Longview Police Department (LPD) within seven days after changing his address.[1] *See id.*

Bohner argues that the evidence is legally insufficient to show that he failed to register within seven days of changing his address. Specifically, he contends that the State failed to prove when he moved and when he violated the statute by failing to register.[2] The State alleged

---

[1]Article 62.051(a) of the Texas Code of Criminal Procedure requires anyone who has a reportable conviction to register as a sex offender, and Article 62.001(5)(A) of the Texas Code of Criminal Procedure establishes that a "reportable conviction" includes a conviction for aggravated sexual assault. Bohner does not dispute that he has four prior convictions for aggravated sexual assault and that he must register as per the provisions of Chapter 62 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 62.001(5)(A), 62.055 (Supp.).

[2]Although the indictment alleges that the offense occurred "on or about" December 13, 2020, the State was not required to prove the charged offense occurred exactly on December 13, 2020. "[T]he 'on or about' language of an

3

that Bohner moved out of his residence at 1100 Centenary Drive in Longview, Texas, prior to December 13, 2020, and that he failed to register the change with the LPD within seven days of having done so.

At trial, Aaron Williams testified that he owned the home located at 1100 Centenary in Longview. Bohner was a tenant in the home until December 1, 2020, when Williams gave Bohner a citation of eviction. The eviction notice itself, which was signed by Bohner, is dated November 20, 2020. Williams testified that, due to the eviction, the last time Bohner was in the home was December 1, 2020. On December 3, 2020, Williams changed the locks on the residence. Bohner sent a text message to Williams stating that he would have "everything out" of the house by that day. As far as Williams knew, all of Bohner's property had been removed from the residence by then. However, on cross-examination, Williams admitted that the text messages between he and Bohner indicated that Bohner was still in the house on December 3, 2020, and although Bohner was intending to leave, Williams was trying to "work with him" for a few days on moving out.

Randal Hudson, Bohner's parole officer, testified that Bohner lived at 1100 Centenary Drive and that he had routine parole visits with Bohner at that residence. That said, Hudson testified that Bohner was not home for his scheduled visits on December 8 and December 10, 2020. On December 13, 2020, Hudson went to the Centenary residence, looked inside, and saw

indictment allows the State to prove a date other than the one alleged in the indictment as long as the date [proven] is anterior to the presentment of the indictment and within the statutory limitation period." *State v. West*, 632 S.W.3d 908, 913 (Tex. Crim. App. 2021) (quoting *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997)).

"absolutely nothing in the house." Although Hudson performed no further investigation of the home, from his experience, that meant Bohner no longer lived there.

On December 17, 2020, Officer Edward Buckner with the LPD pulled over a vehicle being driven by Bohner. Buckner arrested Bohner on an outstanding "blue warrant" issued because Bohner had violated the terms of his parole. During the recording from Buckner's body camera, Bohner could be heard giving the officer a false name and telling Buckner that he lived in a hotel because he had been "kicked out" of his house. Bohner admitted lying to Buckner about his name.

Palankal Patel, the owner of a Super 8 hotel in Longview, confirmed that Bohner stayed at his hotel from December 15 through December 17.

Officer Debra Stiles testified that she received an email that Bohner's residence appeared to be vacant and, upon checking her records, discovered that Bohner had received an eviction notice on December 1, 2020. However, there was no record that Bohner had registered a change of address. A warrant for Bohner's arrest was issued on December 18, 2020, alleging a failure to register.

Bohner denied ever being personally served with an eviction notice. He testified that he was working at the time it was served at his residence and that someone staying at his residence falsely claimed to be him when the notice was served. He claimed that, as per the text messages in evidence, Williams knew that he was still living in the residence as of December 4, 2020, and that, because he had "nowhere to go," he had a "running dialogue" with Williams and they were going to "work on" terms for him to stay at the residence. Bohner testified that, after he left the

Centenary residence, he stayed at a nearby Motel 6 "to shower and stuff like that" and that, from the motel, he would return to the Centenary residence "every day up to [December] 13th" to check his mail, feed his cat, and "get whatever [he] could in and out of the house." Bohner knew that he had to register any change of address, but he testified that he was arrested just four days after he had to finally leave the Centenary residence. That is why he claimed that he had not failed to register a change of address.

Here, Bohner admitted that he was evicted from the Centenary residence. Williams testified that the locks were changed on December 3. Hudson testified that no one was at the Centenary residence on December 8 or 10. From this evidence, the trial court was free to reasonably infer that Bohner ceased living in the Centenary residence on the day of or the day after December 3, when the locks were changed. From the testimony of Bohner and Patel, the trial court could have also inferred that Bohner lived in at least two different Longview hotels after he left the Centenary residence. Finally, the evidence was undisputed that Bohner failed to register any change of address after leaving the Centenary residence.

Bohner claimed that he did not fail to register, and there was some testimony and text message evidence indicating that Bohner continued to live at the Centenary residence for days after the locks were changed. But the trial court, as the trier of fact and sole judge of witness credibility, could have rationally rejected that evidence. We must assume that the trial court resolved any conflicts in the evidence in favor of the verdict. *See Mosley v. State*, 983 S.W.2d 249 (Tex. Crim. App. 1998); *see also Matchett v. State*, 941 S.W.2d 922, 936 (Tex. Crim. App. 1996).

Viewing the evidence in the light most favorable to the verdict, we find that the trial court could have found beyond a reasonable doubt that Bohner failed to register or report a change of address within seven days of leaving the Centenary residence. *See* TEX. CODE. CRIM. PROC. ANN. art. 62.055(a); *see Brooks*, 323 S.W.3d at 912. Having found evidence sufficient to support the trial court's verdict, we overrule this point of error.

## II.     Attorney Fees

In his final point of error, Bohner contends that the trial court erred by assessing him $1,275.00 in attorney fees. The State agrees.

Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of a court-appointed attorney's fees only if "the judge determines that a defendant has financial resources that enable defendant to offset in part or in whole the costs of the legal services provided . . . including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Supp.). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

Due to Bohner's indigency, he received a court-appointed attorney, and throughout this case, Bohner has remained incarcerated and indigent. The record lacks any indication that Bohner's financial status or ability to pay changed at any point in the case. Even so, the judgment reflects that Bohner was assessed $1,275.00 in attorney fees. Since there is no finding

7

of the ability of Bohner to pay them, the assessment of the attorney fees was erroneous. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see also Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.).

Notwithstanding the fact that we denied Bohner's challenge to the sufficiency of the evidence, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is nonreversible error." *Sharpe v. State*, 607 S.W.3d 446, 448 (Tex. App.—Texarkana 2020, no pet.) (quoting *Ferguson v. State*, 435 S.W.3d 291, 293 (Tex. App.—Waco 2014, pet. struck), *overruled on other grounds by Cummins v. State*, 646 S.W.3d 605 (Tex. App.—Waco 2022, no pet. h.)). Accordingly, we modify the trial court's judgment by deleting the assessment of $1,275.00 for attorney fees from the judgment.

## III.    Conclusion

As modified**,** we affirm the trial court's judgment.


Scott E. Stevens
Justice


Date Submitted:        July 15, 2022
Date Decided:          August 11, 2022

Do Not Publish