

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00004-CR
_____

ROBERTO CANAS GARDEA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 276th District Court
Camp County, Texas
Trial Court No. CF-20-02048

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

In July 2020, when T.I.[1] was seventeen years old, she made an outcry that Roberto Canas Gardea had sexually touched her about ten years earlier. Gardea was subsequently charged with, and convicted of, one count of indecency with a child by touching.[2] Based on the jury's verdict, Gardea was sentenced to twenty years' imprisonment and assessed a $10,000.00 fine. Gardea appeals his conviction and sentence.

Appointed counsel filed an *Anders* brief.[3] *See Anders v. California*, 386 U.S. 738, 744 (1967); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). In *Anders*, the United States Supreme Court recognized that counsel, though appointed to represent the appellant in an appeal from a criminal conviction, has no duty to pursue a frivolous matter on appeal. *Anders*, 386 U.S. at 744. By letter, counsel informed Gardea of his rights to review the record and file a pro se response. Counsel also mailed Gardea copies of the clerk's and reporter's records, and this Court provided Gardea a copy of a digitally recorded exhibit and notified him that any pro se response was due on or before October 10, 2022. Also, by letter dated October 25, 2022, we notified Gardea that the case would be submitted, on briefs, on November 15, 2022. Gardea did not file a pro se response to his counsel's *Anders* brief.

After a thorough review of the record, counsel in this case concluded that there were no non-frivolous issues in Gardea's appeal. Counsel's brief meets the requirements of *Anders* by

---

[1]We refer to the complainant, who was a minor at the time the offense was committed, by her initials. *See* TEX. R. APP. P. 9.10.

[2]*See* TEX. PENAL CODE ANN. § 21.11(a)(1).

[3]Appointed counsel also filed a motion to withdraw as counsel.

presenting a professional evaluation of the record that demonstrates why there are no arguable grounds to be advanced. We conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *see also Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

We must, "after a full examination of all the proceedings, . . . decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744; *see Penson v. Ohio*, 488 U.S. 75, 82–83 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509–11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals of Wis., Dist. 1*, 486 U.S. 429, 439 n.10 (1988). Based on our independent review of the entire record in this appeal, we conclude that the appeal is wholly frivolous. In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. "However, appellate courts are authorized to reform judgments and affirm as modified in *Anders* cases involving non-reversible error." *Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases).

In this case, the judgment of conviction by jury under "Court Costs" states, "$ to be determined," and under "Reimbursement Fees" states, "$ to be determined." The certified bill of costs, as relevant to this opinion, lists the following charges:

| | | |
|---|---|---|
| TOTAL FELONY REIMBURSEMENT FEE | | $290.00 |
| REIMBURSEMENT FEE STATE (FELONY) | 185.00 | |
| REIMBURSEMENT FEE COUNTY (FELONY) | 105.00 | |

TIME PAYMENT FEE .................... . . . . $ 15.00

. . . .

PEACE OFFICER SERVICE

. . . .

    EMS FEE .................................. . . . . 100.00

TOTAL PEACE OFFICER SERVICE...................... 215.00[4]

TOTAL REIMBURSEMENT & SERVICE FEES ........................ $520.00

. . . .

COURT APPOINTED ATTORNEY FEE .................................... $400.00

FINE ASSESSED ........................................................................ $10,000.00

TOTAL DUE FOR ALL COSTS, FINES, AND FEES
AND REIMBURSEMENTS ........................................................... $10,920.00

We are not aware of any statute that authorizes reimbursement fees in the amounts of $185.00 and $105.00 to be collected from persons convicted of a felony. However, in 2019, the Texas Legislature amended Section 133.102 of the Texas Local Government Code, entitled "Consolidated Fees on Conviction," to provide that a person convicted of a felony pay $185.00 as a court cost. TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1). In 2019, the Legislature also enacted Section 134.101 of the Texas Local Government Code, entitled "Local Consolidated Fees on Conviction of a Felony," to provide that a person convicted of a felony pay $105.00 as a court cost. TEX. LOC. GOV'T. CODE ANN. § 134.101(a). For that reason, we construe the charges designated in the bill of costs as "REIMBURSEMENT FEE STATE (FELONY)" and

---

[4]This total included other authorized charges not relevant to this opinion.

"REIMBURSEMENT FEE COUNTY (FELONY)" to be charges authorized under Sections 133.102(a)(1) and 134.101(a).

Nevertheless, the 2019 law that amended Section 133.102(a)(1) and added Section 134.101 of the Local Government Code only applies to offenses that were committed after January 1, 2020, and provides that, for offenses committed before that date, the law in effect on the date the offense was committed governs. Act of May 23, 2019, 86th Leg., R.S., ch. 1352, §§ 1.03(a)(1), 1.05, 5.01, 5.04, 2019 Tex. Gen. Laws 3981, 3982, 3984, 3985, 4035 (eff. Jan. 1, 2020). Gardea was convicted for an offense committed on or about June 1, 2010. Therefore, the law in effect on June 1, 2010, governs the costs of court chargeable to him. In 2010, Section 133.102(a)(1) provided that a person convicted of a felony pay $133.00 as a court cost. Act of June 2, 2003, 78th Leg., R.S., ch. 209, § 62(a), 2003 Tex. Gen Laws 979, 996. Further, as noted, Section 134.101 of the Local Government Code was added in 2019. In 2010, there was no statute that provided for a person convicted of a felony to pay local consolidated fees as a court cost. Therefore, Gardea is not obligated to pay the $105.00 charge for "REIMBURSEMENT FEE COUNTY (FELONY)." *See Hammontree v. State*, No. 12-21-00139-CR, 2022 WL 3012438, at *14 (Tex. App.—Tyler July 29, 2022, pet. ref'd) (mem. op., not designated for publication)[5] (citing *Hayes v. State*, No. 12-20-00222-CR, 2021 WL 1418400, at *2 (Tex. App.—Tyler Apr. 14, 2021, no pet.) (mem. op., not designated for publication)). For those reasons, we modify the amount charged for "REIMBURSEMENT FEE STATE (FELONY)" in

---

[5]"Although unpublished opinions have no precedential value, we may take guidance from them 'as an aid in developing reasoning that may be employed.'" *Rhymes v. State*, 536 S.W.3d 85, 99 n.9 (Tex. App.—Texarkana 2017, pet. ref'd) (quoting *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd)).

the bill of costs to $133.00, we delete the charge for "REIMBURSEMENT FEE COUNTY (FELONY)" from the bill of costs, and we modify the amount for "TOTAL FELONY REIMBURSEMENT FEE" to $133.00.

In addition, the Texas Court of Criminal Appeals has recently concluded that a time payment fee like the one imposed in the bill of costs "must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021). "As a consequence, even now, assessment of the time payment fee in this case would be premature because appellate proceedings are still pending." *Id.* For that reason, we delete the charge for "TIME PAYMENT FEE" from the bill of costs.

In 2010, Article 102.0185 of the Texas Code of Criminal Procedure authorized a $100.00 cost for, *inter alia*, emergency medical services to be charged to persons convicted of certain intoxication offenses under Chapter 49 of the Penal Code. Act of June 1, 2003, 78th Leg., R.S., ch. 1213, § 4, 2003 Tex. Gen. Laws 3440, 3442 (amended 2011, 2019) (current version at TEX. CODE CRIM. PROC. art. 102.0185(a) (Supp.)). However, Gardea was not convicted of an intoxication offense. We are not aware of any other statute in 2010 that authorized the imposition of an "EMS FEE." For that reason, we delete the charge for EMS FEE in the bill of costs, we modify the amount charged for "TOTAL PEACE OFFICER SERVICE" in the bill of costs to $115.00, and we modify the amount of "TOTAL REIMBURSEMENT & SERVICE FEES" in the bill of costs to $248.00.

Article 26.05(g) of the Texas Code of Criminal Procedure, authorizes a trial court to order the reimbursement of court-appointed attorney fees only "if the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided . . . including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Supp.). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

The record establishes that Gardea was indigent, and the trial court made no determination or finding that Gardea had financial resources or was otherwise able to pay the appointed attorney fees. Thus, the assessment of attorney fees was erroneous and should be removed. *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.). For that reason, we delete the charge for "COURT APPOINTED ATTORNEY FEE" from the bill of costs.[6] We also modify the amount of "TOTAL DUE FOR ALL COSTS, FINES, AND FEES AND REIMBURSEMENTS" to $10,248.00.

---

[6]Although the trial court's judgment did not specify the amount of costs, and did not assess attorney fees, court costs and "attorney fees as set forth in a certified bill of costs are effective whether or not incorporated by reference in the written judgment." *Armstrong*, 340 S.W.3d at 767. Consequently, it is necessary to delete unauthorized charges in the bill of costs, as well as the written judgment, and to modify both to reflect the correct amounts authorized to be charged to the defendant.

Because the amounts of court costs and reimbursement fees have been determined, we modify the judgment of conviction by changing the amount under "Court Costs" to $248.00 and by deleting "$ to be determined" under "Reimbursement Fees."

Further, we find that Gardea's counsel substantially complied with the requirements of *Anders* and *Kelly*. Therefore, we grant counsel's motion to withdraw. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 318–20.

Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.[7]   Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.

We modify the certified bill of costs by (1) changing the amount charged for "REIMBURSEMENT FEE STATE (FELONY)" to $133.00, (2) deleting the charge for "REIMBURSEMENT FEE COUNTY (FELONY)," (3) changing the amount for "TOTAL FELONY REIMBURSEMENT FEE" to $133.00, (4) deleting the charge for "TIME PAYMENT FEE," (5) deleting the charge for "EMS FEE," (6) changing the amount charged for "TOTAL PEACE OFFICER SERVICE" to $115.00, (7) changing the amount of "TOTAL

---

[7]While an appellant has a right to file a petition for discretionary review with the Court of Criminal Appeals, review is not a matter of right. *See* TEX. R. APP. P. 66.2; TEX. CONST. art. V, § 5(b).

8

REIMBURSEMENT & SERVICE FEES" to $248.00, (8) deleting the charge for "COURT APPOINTED ATTORNEY FEE," and (9) changing the amount of "TOTAL DUE FOR ALL COSTS, FINES, AND FEES AND REIMBURSEMENTS" to $10,248.00. We also modify the trial court's judgment by changing the amount under "Court Costs" to $248.00 and by deleting "$ to be determined" under "Reimbursement Fees." As modified, we affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted: November 15, 2022
Date Decided: November 18, 2022

Do Not Publish

9